EDWARDS, Judge.
Plaintiff filed suit in St. Tammany Parish, his domicile, against defendant (a foreign corporation), alleging that because of defendant’s negligence he was injured by exposure to toxic materials. Plaintiff transported the toxic materials from defendant’s plant in Washington Parish, which is also defendant’s principal place of business.
Defendant filed a declinatory exception of improper venue, arguing that under La. C.C.P. art. 42(4) the only proper venue is Washington Parish. In response, plaintiff alleged that although the direct exposure to the toxic materials occurred in Washington Parish, the effects of the exposure continued at his residence in St. Tammany Parish and subsequently resulted in his contracting of lung disease. Thus, plaintiff argues that venue is proper in St. Tammany as the parish “where the damages were sustained” under La.C.C.P. art. 74. After a hearing, the trial court denied defendant’s exception. Defendant applied for supervisory writs, which we granted alternatively. Subsequently, the trial judge and plaintiff made known their opposition, prompting this opinion.
Initially, it must be pointed out that La. C.C.P. art. 74 is an exception to the general rules of venue established by La.C.C.P. art. 42, and as such, art. 74 must be strictly construed. Dupre v. Pelotto, 336 So.2d 329 (La.App. 1st Cir.1976); Richardson v. Moore, 304 So.2d 425 (La.App. 1st Cir. 1973). Plaintiff’s only basis for contending that venue is in St. Tammany under art. 74 is his argument that “the damages were sustained” there. In support of this contention plaintiff argues in brief that the corrosive effect of the Washington Parish exposure continued at his residence in St. Tammany causing his lung disease, and thus his damages were “sustained” there. Yet plaintiff has not alleged or introduced any evidence that his damages were sustained in St. Tammany Parish.
Under the circumstances in this record, we feel plaintiff has not alleged or shown any facts that would support application of the art. 74 exception to the general venue rules of art. 42. We therefore order that the alternative writ previously issued be made peremptory, and the trial judge is ordered to recall and vacate his ruling denying the exception of improper venue, and to maintain same.
WRIT MADE PEREMPTORY.