532 So.2d 829 (1988)
Margaret Ann LABORDE, et al.
v.
William E. DeBLANC, et al.
No. 88-CA-0250.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1988.
Gerald E. Meunier, Kierr, Gainsburgh, Benjamin, Fallon, David & Ates, New Orleans, for Margaret Ann Laborde, et al.
Richard A. Chopin, Julie DiFulco Robles, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for William E. DeBlanc, et al.
John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Onan Corp.
Before WARD, WILLIAMS and PLOTKIN, JJ.
ORDER
WARD, Judge.
Writ granted.
This matter was originally brought before us as an appeal from the denial of a declinatory exception of improper venue or, in the alternative, motion to transfer venue filed by defendants William E. DeBlanc, Donna DeBlanc, and Amanda DeBlanc. Because we believe an appeal was erroneously ordered by the Trial Court, it is dismissed, although we concede there is authority for the proposition that an appeal is the correct vehicle for review.
A denial of an exception of improper venue does not result in a final judgment, but rather is an interlocutory order. The proper remedy is therefore an application for a supervisory writ, not an appeal. Henry v. Ford Motor Co., Inc., et al, 519 So.2d 845 (La.App. 4th Cir.1988). In Henry, this court used a two-part test to determine if a writ will be granted in such a case: (1) if there is no remedy on appeal; and (2) if the Relator will suffer irreparable harm if the writ is not granted. If the trial court incorrectly overrules an exception of venue and the case is tried in the wrong venue, then there exists no remedy to correct that fact on appeal. Thus, the Relator will suffer irreparable harm if the writ is not granted. Herlitz Const Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Lapeyronse v. United Services Auto. Ass'n, 503 So.2d 627 (La. App. 4th Cir.1987). The practical result is that a writ must be granted to review the *830 merits of any declinatory exception of venue, whether the exception is granted or denied. However unpalatable that is, it is preferable to the alternative review by appeal. Footnote one in Henry, supra, discussing the problems caused by footnote one in Herlitz, supra, is more explicit: 1. In Herlitz footnote one uses a denial of an exception of venue as an example. While the example is mere dicta, it exists as a persuasive argument in the absence of a clearer more definite statement by the Supreme Court specifying exceptions of venue. Thus, it has unfortunately led to a situation in which appeals are being routinely granted below for denials of exceptions of venue. Thus litigants can halt the orderly process of trial for a year by seeking appeals from denial of venue exceptions. As the instant case further illustrates, where there are multiple parties, litigants may attempt to string out the litigation by each filing a separate exception of venue after an appeal has been resolved on another party's prior exception. In Herlitz, the Supreme Court was properly annoyed with a mechanical application of a standard that resulted in erroneous denials of meritorious writ applications. Further, the appellate court in Herlitz was applying the wrong standard. The two-fold test recited by the appellate court in Herlitz is: (1) where there is palpable error in the ruling complained of and (2) only if irreparable injury will ensue. If the appellate court had applied the "where there is no remedy on appeal" prong of the test, then it would have seen that once the trial court overrules an exception of venue and the case is tried in the wrong venue, then there exists no remedy to correct that fact on appeal, hence a writ should be granted if the venue is wrong. The only result of Herlitz's footnote one is that it now takes over a year to do what once was done within a few days.
In this case, although we have dismissed the appeal, the parties have briefed the issue, and we will consider the matter as if we had granted the writ so that we may consider the merits of the declinatory exception. La.Code Civ.Proc. art. 2083; Henry, 519 So.2d at 845-46, n. 1.
After reviewing the applicable law, record, and briefs of counsel, this panel agrees with the ruling of the trial court on the exception of improper venue. The plaintiffs met their obligations of sufficiency and preponderance of the evidence, proving that the deaths which form the basis of the suit occurred in Plaquemines Parish. Moreover, this Court is convinced that La.C.C.P. art. 74 allows the plaintiffs to bring their action in Plaquemines Parish, where the deaths occurred, as "the parish where the damages were sustained." See Broussard v. Liberty Mut. Ins. Co., 210 So.2d 411 (La.App.3d Cir.1968). Venue is proper as to all defendants. C.C.P. art. 73.