613 So.2d 758 (1993)
Thelma McDANIEL, et al.
v.
Dr. Charles E. REED, et al.
No. 92-C-2739.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
Writ Denied April 2, 1993.
*759 Roy S. Halcomb, Jr., Broussard, Bolton, Halcomb & Vizzier, Alexandria, for relators.
Haynes L. Harkey, Jr., Hayes, Harkey, Smith, Cascio & Mullens, Monroe, for respondents.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.
CIACCIO, Judge.
Writ Granted.
In this wrongful death case, plaintiffs seek review of the trial court's action which grants defendants' exceptions of improper venue and transfers plaintiffs' suit to Franklin Parish.
On July 22, 1992, plaintiffs filed suit in Civil District Court in Orleans Parish for the wrongful death of David Lee McDaniel ("decedent"). In their petition, plaintiffs allege that the decedent was initially treated for severe headaches by Dr. Charles E. Reed at Franklin Medical Center, and was subsequently transferred to Conway Memorial Hospital in Monroe where he was treated by Dr. LaDonna Ford. Decedent was then transferred to Charity Hospital in New Orleans where he underwent surgery by Dr. Eugenio Vargas. The petition alleges that decedent died while in Charity Hospital on September 9, 1991.
Plaintiffs allege that Drs. Reed, Ford and Vargas were negligent in their treatment of decedent and further that the hospitals breached their duty of care to decedent, thereby causing his wrongful death. Plaintiffs further allege that all defendants are jointly and solidarily liable for their loss.
Following service of plaintiffs' petition, exceptions of improper venue were filed by all defendants. Franklin Medical Center argued that as a hospital service district, and pursuant to the provisions of LSA-R.S. 13:5104(B) and 46:1063, all suits against it must be filed in Franklin Parish.
Defendants Charity Hospital and Conway Medical Center argue that they are under the control of the Louisiana Health Care Authority (LHCA) and that suits against the LHCA must be brought in East Baton Rouge Parish, pursuant to LSA-R.S. 46:703. Further, pursuant to the provisions of LSA-R.S. 13:5104(B) defendants argue that suits against Drs. Ford and Vargas, who are employees of political subdivisions, may be brought either in East Baton Rouge Parish (the domicile of the LHCA) or in the place where the cause of action arose (Ouchita Parish as to Dr. Ford and Orleans Parish as to Dr. Vargas). Finally, *760 Dr. Reed argues by his exception that the proper venue for a suit against him would be Franklin Parish, which he alleges is where the cause of action arose.
The trial court heard this matter on October 16, 1992, granted defendants' exceptions of improper venue, and ordered that plaintiffs' suit be transferred to the District Court for the Parish of Franklin. In his reasons for judgment, the trial court stated that pursuant to the provisions of LSA-R.S. 13:5104, venue is proper in Franklin Parish as that was the location where plaintiffs' cause of action arose. We do not agree.
In a wrongful death case, for purposes of venue, the parish in which the death occurs that forms the basis of the suit is "the parish where the damages are sustained" under La.C.C.P. art. 74 and plaintiff is allowed to bring the action in that parish. Laborde v. DeBlanc, 532 So.2d 829 (La.App. 4th Cir.1988). Further, a cause of action in wrongful death does not arise until the victim dies. Guidry v. Theriot, 377 So.2d 319, 326 (La.1979).
Under these circumstances, we find that plaintiffs' cause of action for the wrongful death of decedent arose in Orleans Parish, where decedent was treated extensively, underwent surgery and ultimately died. The trial court's finding that plaintiffs' cause of action arose in Franklin Parish is error.
We turn next to the proper place of venue for plaintiffs' suit against these defendants. Pursuant to LSA-R.S. 46:703 and R.S. 46:708, defendants Charity Hospital and Conway Memorial Hospital are under the authority of the Louisiana Health Care Authority. LSA-R.S. 46:703 which became effective on July 8, 1991 provides that the LHCA is a political subdivision of the state and that it is domiciled in Baton Rouge. However, LSA:R.S. 13:5104 pertains to suits against the state, state agencies, or political subdivisions and provides:
A. All suits filed against the State of Louisiana or any state agency may be instituted before the district in which the State Capitol is located or in the district courts having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.

(Emphasis ours.)
As stated previously, plaintiffs' cause of action in this case arose in Orleans Parish. Although the domicile of the LHCA is Baton Rouge, there is no provision in the law that requires suits to be brought in that jurisdiction where the cause arose elsewhere. Accordingly, as Civil District Court is "the district court having jurisdiction in the parish in which the cause arises," we find that venue is proper in Orleans Parish as to defendants Charity Hospital and Conway Memorial Hospital.
Similarly, Drs. Vargas and Ford, as employees of political subdivisions of the state, may be properly sued in the parish where the cause arises, in this case Orleans Parish pursuant to R.S. 13:5104(B).
With regard to Dr. Reed, LSA-R.S. 46:1064 provides that hospital service districts, of which Franklin Medical Center is included, are political subdivisions of the state. As an employee of a political subdivision, Dr. Reed may be properly sued in the parish where the cause of action against him arises. Although Dr. Reed's alleged malpractice may have occurred in Franklin Parish, plaintiffs' cause of action for wrongful death did not arise until decedent's death which occurred at Charity Hospital in New Orleans. As to defendant Dr. Reed, we conclude that venue is proper in Orleans Parish.
We turn finally to the remaining defendant, Franklin Medical Center. LSA-R.S. 46:1064 provides that hospital service districts are political subdivisions of the State. The provisions of R.S. 13:5104 indicate *761 that venue for such a defendant is proper in the jurisdiction where the cause of action arises.
However, LSA-R.S. 46:1063 pertains to venue for hospital service districts and provides:
The police jury creating a hospital service district, with corporate powers, shall designate the domicile of such corporation, at which domicile it shall be sued and service of citation made on the director, and in his absence, upon the chairman of the commission, and in his or their absences, then upon the vice chairman of the commission; provided that in fixing the domicile of the district the police jury shall at all times fix the same at some place within the district.
Defendants argue that pursuant to this statute, the only place Franklin Medical Center may be sued is Franklin Parish, as that is the domicile designated for that corporation.
However, although LSA-R.S. 46:1063 provides the general rule with regard to venue for hospital service districts, this defendant is being sued as a joint and solidary obligor along with several other defendants. La.C.C.P. art. 73 provides that an action against joint or several obligors may be brought in a parish of proper venue as to any obligor who is made a defendant. Further, La.C.C.P. art. 425 provides that a party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. We find that forcing plaintiffs to try their lawsuit in two separate jurisdictions would thwart the intent of the provisions of this article which requires a litigant to assert all causes of action arising out of a single occurrence.
In this case, the occurrence, i.e., the alleged wrongful death of decedent, occurred in Orleans Parish. Although the general rule of venue provides that Franklin Medical Center should be sued in Franklin Parish, this case provides an exception to that rule where plaintiffs' cause of action includes several defendants who are alleged to be solidarily liable. We conclude that, in this case, venue for Franklin Medical Center is proper in Orleans Parish, and the trial court erred in granting defendants' exceptions of improper venue, thereby transferring this case to Franklin Parish.
Accordingly, the judgment of the trial court is reversed, and defendants' exceptions of improper venue are overruled. This case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.