621 So.2d 106 (1993)
Paul Lee KEELE and Sherry Beason Keele, Plaintiffs-Appellants,
v.
James KNECHT, M.D., Defendant-Appellee.
No. 24874-CA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
Rehearing Denied August 12, 1993.
*107 Richard E. Hiller, Shreveport, Moore, Walters & Shoenfelt by Oscar L. Shoenfelt, III, Baton Rouge, for plaintiffs-appellants.
Mayer, Smith & Roberts by Kim Purdy, Shreveport, for defendant-appellee.
Before MARVIN, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
In this wrongful death action, the plaintiffs, Paul Lee and Sherry Beason Keele, appeal from a trial court judgment sustaining an exception of improper venue filed by the defendant, Dr. James Knecht. For the following reasons, we affirm.

FACTS
The plaintiffs are residents of Sabine Parish. On January 23, 1990, Sherry Keele took her daughter, Lacy, to Dr. Knecht, a physician who is domiciled and practices in Natchitoches Parish. The child had a sore throat, nausea, and a stomachache. The defendant administered Tylenol to the child in his office and instructed Mrs. Keele to continue to give the child prescribed doses of Tylenol.
On January 26, 1990, the child's condition had deteriorated and the Keeles took her to the emergency room at Natchitoches Parish Hospital. She was transferred to Schumpert Medical Center in Shreveport, which is located in Caddo Parish. The plaintiffs allege that the child was diagnosed as having strep throat, severe dehydration and Tylenol poisoning. On January 29, 1990, the child died at Schumpert Medical Center.
On November 27, 1990, the Keeles filed a petition for review of the case by a medical review panel. LSA-R.S. 40:1299.41 et seq. The panel rendered its decision on or about February 25, 1992. On April 24, 1992, the plaintiffs filed suit in Caddo Parish against Dr. Knecht for the wrongful death of their child.
Dr. Knecht filed an exception of improper venue, arguing that he is a domiciliary of Natchitoches Parish and all treatment which he rendered to the child occurred in Natchitoches Parish.
The hearing on the exception was held on July 2, 1992. Following the hearing, the trial court ruled that, even though the child died in Caddo Parish, venue was not proper in that parish, but rather was proper in *108 Natchitoches Parish. The plaintiffs appealed.

VENUE
The plaintiffs contend that the trial court erred in finding that venue for their wrongful death action was Natchitoches Parish, rather than Caddo Parish. They argue that, under the applicable provisions of the Code of Civil Procedure and the jurisprudence interpreting those articles, the damage, that is, the death of the child, occurred in Caddo Parish and therefore that parish is the proper venue for this wrongful death action. This argument is meritless.
Venue is defined in LSA-C.C.P. Art. 41 as follows:
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.
The general rules of venue are set forth in LSA-C.C.P. Art. 42 which provides in pertinent part:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish or his residence.
The general rules of venue set forth in LSA-C.C.P. Art. 42 are subject to the exceptions provided in Articles 71 through 85 and as otherwise provided by law. LSA-C.C.P. Art. 43.
LSA-C.C.P. Art. 74 provides an exception to the general rules of venue:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
As used herein, the words "offense or quasi offense" include a nuisance and a violation of Article 667 of the Civil Code.
Since exceptions to the general venue rules are in derogation of a common right, they must be strictly construed and the party claiming the benefit of an exception must bring himself clearly within the exception. Hawthorne Oil and Gas Corporation v. Continental Oil Company, 377 So.2d 285 (La.1979); Fogleman Truck Line, Inc. v. Southern Bulk Carriers, Inc. 532 So.2d 226 (La.App. 3rd Cir.1988).
LSA-C.C.P. Art. 74 was never intended by the redactors thereof or by the legislature to permit a plaintiff to litigate in any parish of the state capriciously. Coursey v. White, 184 So.2d 625 (La.App. 4th Cir.1966).
The decision as to which parish is the proper venue for this case turns on the interpretation of the phrases "in the parish where the wrongful conduct occurred," or "in the parish where the damages were sustained." LSA-C.C.P. Art. 74, supra. The plaintiffs argue that the damage sustained was the death of their child and that because the death occurred in Caddo Parish, that is the parish of proper venue. The defendant argues that because all treatment and/or negligence which the plaintiffs claim may have caused their child's death occurred in Natchitoches Parish, that is the parish of proper venue.
The plaintiffs rely on Laborde v. DeBlanc, 532 So.2d 829 (La.App. 4th Cir. 1988), in which the Fourth Circuit granted writs from a lower court decision dealing with venue in a wrongful death case. The appellate court ruled that because the deaths occurred in Plaquemines Parish, venue was proper in that parish. The court found that LSA-C.C.P. Art. 74 allowed the plaintiffs to bring their action in Plaquemines Parish where the deaths occurred because that was the parish where the damages were sustained.
However, the authority of Laborde is questionable. The case contained no discussion of the facts upon which the decision was based. Further, the holding in Laborde, that the proper venue for a wrongful death action is the parish where the death occurred, is based upon Broussard v. Liberty Mutual Insurance Company, *109 210 So.2d 411 (La.App. 3rd Cir.1968). Broussard is a products liability case, not a wrongful death case.
In Broussard, the plaintiff's bull ate allegedly poisoned feed manufactured by the defendant feed company. The defendant was domiciled in Iberia Parish. The plaintiff's bull ate the feed and died in Vermilion Parish. The court held that venue was proper in either Iberia or Vermilion Parish and the plaintiff had the right to choose between them in bringing suit.
The plaintiffs also rely on McDaniel v. Reed, 613 So.2d 758 (La.App. 4th Cir.1993). In that case, the Fourth Circuit reaffirmed its decision in Laborde, holding that in wrongful death actions, proper venue lies in the parish where the death occurred. In McDaniel, the decedent was treated by a physician in Franklin Parish at the Franklin Medical Center. He was then sent to E.A. Conway Hospital in Ouachita Parish where he was treated by a second physician. The decedent was later transferred to Charity Hospital in Orleans Parish where the third physician performed surgery. The decedent died in Orleans Parish. The plaintiffs filed suit against all three physicians and the hospitals in Orleans Parish.
Franklin Medical Center claimed that under LSA-R.S. 13:5104(B) and 46:1063, all suits against it must be filed in Franklin Parish. Charity Hospital and E.A. Conway Hospital objected to venue in Orleans Parish, claiming that, as public hospitals, under LSA-R.S. 46:703, all suits against the hospitals must be brought in East Baton Rouge Parish.
The Fourth Circuit held that "under these circumstances, we find that the plaintiffs' cause of action for the wrongful death of the decedent arose in Orleans Parish, where the decedent was treated extensively, underwent surgery, and ultimately died."
The court in McDaniel went on to state, "In a wrongful death case, for purposes of venue, the parish in which the death occurs that forms the basis of the suit is `the parish where the damages are sustained' under LSA-C.C.P. Art. 74 and the plaintiff is allowed to bring the action in that parish."
We find Laborde and McDaniel are distinguishable and do not serve as authority for the plaintiffs' proposition that, in this case, venue is proper in Caddo Parish. As discussed above, Laborde does not set forth the facts upon which the decision is based. Further, the jurisprudential authority cited, Broussard, deals with products liability, not personal injury or wrongful death.
It is also apparent that the facts in McDaniel are distinguishable from those of the present case. In McDaniel, the decedent was treated "extensively" in Orleans Parish and the cause of action for wrongful death was partially based upon treatment rendered in that parish. We note that LSA-C.C.P. Art. 73 provides that an action for the recovery of damages for an offense or quasi offense against joint or solidary obligors may be brought in the parish of proper venue against any defendant under either Article 76 or R.S. 13:3203. The article further specifies that if the action against a joint or solidary defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants. Therefore, in McDaniel, because the defendants were joint or solidary obligors, and because some of the medical treatment forming the basis of the suit occurred in Orleans Parish, suit could be brought against all the defendants in that parish.
In the present case, the plaintiffs do not allege that any actions undertaken in Caddo Parish caused or contributed to the death of their child. Therefore, there are no solidary or joint obligors in Caddo Parish upon which to base venue. Under these circumstances, we find that Laborde and McDaniel do not provide sufficient authority to hold that venue in this case is proper in Caddo Parish where no event, other than the death of the child, occurred.
We think the better rule for determining proper venue for tort suits under LSA-C.C.P. *110 Art. 74 was announced by the First Circuit in Belser v. St. Paul Fire and Marine Insurance Company, 509 So.2d 12 (La.App. 1st Cir.1987). In Belser, the plaintiff, a resident of St. Helena Parish, had bypass surgery in East Baton Rouge Parish. He claimed that complications caused by the surgery impaired his circulatory system and ultimately resulted in the loss of his eyesight in St. Helena Parish. The plaintiff filed suit in St. Helena Parish. The appellate court found that venue was proper only in East Baton Rouge Parish where the surgery was performed.
The court in Belser analyzed numerous cases dealing with venue under LSA-C.C.P. Art. 74, in order to determine what constitutes "the parish where the wrongful conduct occurred" and what constitutes "the parish where the damages were sustained." The court found that a difference existed between cases dealing with personal injury and those dealing largely with products liability.
The cases analyzed by the Belser court dealing with personal injury include Coursey v. White, 184 So.2d 625 (La.App. 4th Cir.1966); Foster v. Breaux, 238 So.2d 803 (La.App. 1st Cir.1970); King v. National Bank of Bossier City, 420 So.2d 1024 (La. App. 5th Cir.1982); Williams v. Crown Zellerbach Corporation, 443 So.2d 607 (La.App. 1st Cir.1983); and Lapeyrouse v. United States Automobile Association, 503 So.2d 627 (La.App. 4th Cir.1987).
The court found that the common thread running through the cases is that "if any damage is caused to the plaintiff in the parish where the wrongful conduct occurred, that parish, and no other, is `the parish where the damages were sustained' for purposes of Article 74." The court also found that the fact that the initial damage sustained in one parish progresses thereafter in another parish does not make the second parish one in which the damages were sustained for purposes of LSA-C.C.P. Art. 74. The Belser court went on to hold that this ruling is consistent with the jurisprudence that Article 74 must be strictly construed and evidences public policy determinations that forum shopping should be minimized in actions for the recovery of damages for offenses and quasi offenses.
The analysis of the Belser court was adopted in Fogleman Truck Line, Inc. v. Southern Bulk Carriers, 532 So.2d 226 (La.App. 3d Cir.1988). In that case, the plaintiff filed a suit for malicious prosecution in Acadia Parish. The trial court found that venue was proper in that parish because attorney fees, an element of damages, were incurred there. The appellate court reversed, finding that incurring attorney fees was not a sufficient element of damages to create venue in that parish. Rather, venue was proper in East Baton Rouge Parish, where the alleged wrongful action occurred and the initial damages were sustained.
The Belser reasoning was also followed in In re Medical Review Panel of Bechet, 609 So.2d 982 (La.App. 4th Cir.1993), writ granted in part and denied in part, 612 So.2d 71 (La.1993).[1] In that case, the plaintiff, a resident of Orleans Parish, was Rh positive and gave birth in Jefferson Parish to an Rh negative baby. Normal procedure in such a case called for injecting the plaintiff with RhoGam within 72 hours of the birth to desensitize her to the Rh factor. This was not done and the plaintiff left the hospital. She returned to her home in Orleans Parish within the 72 hour period, where she became irreversibly sensitized to the Rh factor. The plaintiff filed suit in Orleans Parish. The court found that the wrongful conduct, the failure to give the injection, occurred in Jefferson Parish, even though the plaintiff was in Orleans Parish when the effects of that conduct became irreversible. Therefore, venue was proper only in Jefferson Parish. The court stated that LSA-C.C.P. Art. 74 does not refer to "a" parish or "any" parish. It refers to "the" parish, thereby expressing the legislative intent that only one parish of damage is contemplated, not several.
*111 The court in Belser also analyzed a series of cases largely dealing with venue in products liability suits. Those cases include Broussard v. Liberty Mutual Insurance Company, supra, discussed above and relied upon in part by the plaintiffs in this case; Hunter v. Office of Health Services and Environmental Quality of Department of Health and Human Resources, 385 So.2d 928 (La.App. 2d Cir.1980), writ denied 393 So.2d 737 (La.1980); Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2d Cir.1981); and Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir.1982). The Belser court found that the common thread running through these cases is "that where no damage is caused to the plaintiff in the parish where the wrongful conduct occurred, the parish where the damages were sustained is the proper venue."
We find that the facts of the present case are more similar to those cases dealing with personal injury than those dealing with products liability. In this case, as in Belser and In re Medical Review Panel of Bechet, supra, the medical treatment rendered in one parish allegedly led to the deterioration of the patient's condition in another parish. In the present case, it cannot be said that "no damage" was caused to the plaintiffs in Natchitoches Parish. The medical treatment rendered by the defendant to the plaintiffs' daughter occurred solely in Natchitoches Parish and constitutes the "wrongful conduct" complained of by the plaintiffs. The wrongful conduct and the damage occurred in Natchitoches Parish. The fact that the child's condition may have deteriorated elsewhere or that the child died in Caddo Parish does not render venue proper in that parish.
Further, we note that the chief concern of the articles on venue is to provide a convenient place for trials. A convenient place for a trial in actions for damages clearly is the parish where the damages were sustained. L'Enfant, Louisiana Civil Procedure, Developments in the Law, 1981-1982, 43 La.L.Rev. 491 (1982). In the present case, as we have said, the damage was sustained in Natchitoches Parish. The defendant is domiciled in that parish, maintains his practice in that parish and the majority of the evidence and witnesses that may be necessary for the trial of this case are most likely located in Natchitoches Parish. Therefore, under the facts presented, we affirm the trial court judgment holding that venue is proper in Natchitoches Parish, not in Caddo Parish.
We note that under LSA-C.C.P. Art. 121, when an action is filed in a court of improper venue, the court may dismiss the action, or in the interest of justice, transfer it to a court of proper venue. Therefore, we transfer this action to Natchitoches Parish.

CONCLUSION
For the reasons stated above, the judgment of the trial court, sustaining the defendant's exception of improper venue is affirmed. We find, as did the trial court, that venue in this case lies in Natchitoches Parish. Accordingly, we hereby order that this action be transferred to that parish.
All costs in this court and the court below are assessed to the plaintiffs.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS, LINDSAY and STEWART, JJ.
Rehearing denied.
NOTES
[1] We note that the Fourth Circuit, in its analysis in Bechet, supra, makes no distinction in its holding in Bechet and its holdings in the cases dealing with venue in wrongful death cases, Laborde and McDaniel, discussed above.