WATKINS, Judge.
The only issue before this court at the present time is whether the trial court erred in sustaining an; exception of venue and transferring plaintiffs’ suit from the Twenty-First Judicial District Court, Livingston Parish, to Orleans Parish. Because we agree with the result reached by the trial court, we affirm; we attach the trial judge’s reasons for judgment which provide an explanation of the facts and the issues.
The crux of plaintiffs’ argument on appeal is that Livingston Parish was the proper venue, under LSA—C.C.P. art. 74,[1] because they sustained damage in that parish. Article 74 provides an exception to the general rules of venue. Because exceptions to the general venue rules are in derogation of a common right, they must be strictly construed; the party claiming the benefit of an exception must bring himself clearly within the exception. See Belser v. St. Paul Fire & Marine Ins., 509 So.2d 12 (La.App. 1st Cir.1987), and cases cited therein. Our review of the record convinces us that neither plaintiffs’ petition nor the testimony presented at the hearing of the exception of venue substantiates their claim that the damage occurred in Livingston Parish. The closest reference to damage in Livingston Parish is Paragraph 17 of plaintiffs’ petition, which states in pertinent part:
Livingston Downs shows that it is irreparably injured by the illegal operations of these five off-track betting parlors because now 100% of the revenues from them go to the Krantzes who are utilizing all or a portion of those revenues to fund the above mentioned lawsuits, media campaigns and other efforts to prevent Livingston Downs from completing its pari-mutu-el facility and obtaining a license to own and operation (sic) off-track betting parlors which actions are in furtherance of their *105 conspiracy to restrain trade in the horse racing industry and to create a monopoly in the offtrack betting business in the southern portion of Louisiana.
Considering the various domiciles of the defendants and the locations of the offtrack betting parlors, all noted by the trial judge, the plaintiffs have demonstrated that the alleged damage occurred, if it did occur, in the “southern portion of Louisiana,” but they have not pinpointed damage in Livingston Parish. It is not the purpose of LSA—C.C.P. art. 74 to allow a plaintiff to bring action in any parish of the state capriciously. See Keele v. Knecht, 621 So.2d 106 (La. App.2d Cir.1993). Furthermore, a consideration in determining the applicability of Article 74 is the location of the majority of evidence and witnesses necessary for the trial of the case. Id. at 111.
Accordingly, we affirm the judgment of the trial court on the basis of lack of venue in Livingston Parish pursuant to LSA—C.C.P. art. 74. It is unnecessary for us to discuss the various theories urged by some of the defendants. We cast plaintiffs for all costs of this appeal.
AFFIRMED.
ATTACHMENT
21st JUDICIAL DISTRICT COURT
PARISH OF LIVINGSTON
STATE OF LOUISIANA
Livingston Downs Racing Association and Al J. Ransome
versus
Bryan Krantz, et al.
Number 68,605, Division “C”

REASONS FOR JUDGMENT

This suit was filed as a “Petition for Damages Under the Louisiana Unfair and Deceptive Trade Practices Act and for Damages Under the Louisiana Anti-Restraint of Trade and Anti-Monopoly Acts and for Temporary Restraining Order and Injunctive Relief”. Named as plaintiffs were Livingston Downs Racing Association, Inc., which was a Louisiana corporation stated to be domiciled in East Baton Rouge Parish, and Al J. Ransome who was alleged to be “a registered voter of Livingston Parish”. Testimony indicated that Mr. Ransome resided in East Baton Rouge Parish at the time the suit was filed.
Named as defendants were Bryan Krantz and Marie Krantz, alleged to be domiciled in Orleans Parish, Jefferson Downs Corporation, Inc., a Louisiana corporation with its principal place of business in Jefferson Parish, Fairgrounds Corporation, Inc., a Louisiana corporation domiciled in Orleans Parish, Oscar Tolmas, a resident of Orleans Parish and Finish Line Management, Inc., a Louisiana corporation with its principal place of business in Jefferson Parish.
Plaintiff contends that defendants that conspired to illegally operate, and in fact are illegally operating off-track betting parlors in Houma, Louisiana, Covington, Louisiana, Sli-dell, Louisiana, Kenner, Louisiana, and Gret-na, Louisiana (none of which sites are located in Livingston Parish) all in furtherance of their conspiracy to restrain trade in the horse racing industry and to create a monopoly in the off-track betting and horse racing industries in Southern portions of the State of Louisiana. The petition goes on to recite a number of actions allegedly taken by the defendants and the Louisiana State Racing Commission relating to the licensing and regulation of various off-track betting parlors.
Various defendants filed answers in this proceeding, but Exceptions of Improper Venue, No Cause of Action, No Subject Matter Jurisdiction, and Failure to Join an Indispensable Party were filed by other parties, and are presently pending before the Court.
Testimony adduced at the hearing indicated that as of March 24, 1995, (three days prior to the hearing date) Livingston Downs Racing Association, Inc., had re-established its principal place of business in Louisiana to Livingston Parish. However, admittedly, the corporation was not domiciled in Livingston Parish at the time of filing of the petition. Evidence further indicated that this plaintiff had a lease and/or option to purchase certain immovable property in Livingston Parish, at *106 which site it planned to construct a horse racing facility (presumably with off-track betting parlor if same could be obtained). However, although a license for the horse racing facility had previously been granted, the site is not presently operational.
The present suit had been previously consolidated for discovery purposes only with another lawsuit filed by the same plaintiffs against some of the same defendants (Livingston Downs Racing Association and Al J. Ransome vs. The Committee to Control Gambling, Inc., et al, Number 67,822 on the docket of this Court). Various defendants objected to the consolidation of these suits for all purposes. The other lawsuit involves similar claims for violation of anti-trust and anti-monopoly laws, but is based on separate alleged acts of the defendants named therein.
After exhaustive review of the entire record and history of proceedings in this action, and the claims asserted therein, this Court concludes that the Exception of Improper Venue is proper and should be sustained. Many of the named defendants, and excep-tors in particular are domiciled in Orleans Parish. Further, while the Louisiana State Racing Commission is not a named defendant, its chairman, Oscar Tolmas, is named as a defendant in his individual capacity. The actions complained of revolve around activities of the Louisiana State Racing Commission, even though that body is not presently named as a defendant. Under the provisions of R.S. 4:145.1, exclusive venue for actions against the commission is in Orleans Parish. Since other defendants are also domiciled in Orleans Parish, and since the commission may in the future be named as a defendant, or its actions may be a central issue in this lawsuit, this Court will transfer venue of this suit to Orleans Parish.
Having so ruled, this Court will not address the remaining exceptions, as once improper venue is found, the Court should not act on other exceptions filed simultaneously.
Succession of Harvey, 616 So.2d 1281 (La. App. 4th Cir.1993) Favorite v. Alton Ochsner Medical Foundation, 537 So.2d 722 (La.App. 4th Cir. 1988)
Accordingly, the Exception of Improper Venue is sustained, and this case is ordered transferred to the docket of the Civil District Court for Orleans Parish.
Livingston, Louisiana, this 27th day of April, 1995.
/s/ Robert H. Morrison, III ROBERT H. MORRISON, III JUDGE 21ST JUDICIAL DISTRICT COURT DIVISION “C”

. LSA-C.C.P. art. 74 provides in pertinent part:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.