922 So.2d 461 (2006)
Jessica WHARTON, Etc.
v.
Michael RIDGELL, Et Al.
No. 2005-CC-0069.
Supreme Court of Louisiana.
January 19, 2006.
Rehearing Denied March 17, 2006.
Cashe, Lewis, Coudrain & Sandage, Shaan M. Aucoin, Ashley Edwards-Sandage, Hammond, for applicant.
Borne & Wilkes, LLP, Keith Michael Borne, Lafayette, Silvestri & Massicot, Anthony Louis Marinaro, Frank Anthony Silvestri, New Orleans, M. Damien Savoie, Plauche, Maselli, Landry & Parkerson, LLP, Andre L. Plauche, Jr., New Orleans, Breazeale, Sachse & Wilson, LLP, Cullen John Dupuy, Matthew Preston Bonham, Douglas Kent Williams, Baton Rouge, for respondent.
JOHNSON, Justice.
The decedent, Savannah Daley, sustained severe injuries in Tangipahoa Parish and subsequently died in Orleans Parish. Her mother, Jessica Wharton, filed a wrongful death action in Orleans Parish. We granted this writ of certiorari to determine whether Orleans Parish is a proper venue for plaintiff's lawsuit. After a careful *462 review of the record and the relevant legal precepts, we conclude, pursuant to LSA-R.S. 13:5104(B), venue is proper in Orleans Parish for this wrongful death action. Accordingly, we affirm the court of appeal's ruling, and we remand this case to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY
This case arises from a fatal automobile-pedestrian accident which occurred in Tangipahoa Parish. According to the petitions filed in this matter, Savannah Daley was crossing a street in Hammond, Louisiana when she was struck by a vehicle driven by Michael Ridgell, who was in the course and scope of his employment with Tycer Ready Mix, Inc. ("Tycer"). As a result of injuries suffered in the accident, Savannah was transferred to Children's Hospital in New Orleans, Louisiana (Orleans Parish), where she died seventeen days later.
Savannah's mother, Jessica Wharton ("plaintiff"), filed the instant wrongful death action in Civil District Court for the Parish of Orleans. Among the defendants named in the suit were Mr. Ridgell (a resident of Tangipahoa Parish), Tycer (a corporation with its agent for service of process located in Tangipahoa Parish),[1] and the City of Hammond.[2]
Tycer and the City of Hammond filed declinatory exceptions of improper venue. Following a hearing, the trial court granted the exceptions of improper venue and ordered that the case be transferred to the Twenty-First Judicial District Court for the Parish of Tangipahoa. Plaintiff filed for supervisory review in the Fourth Circuit Court of Appeal. The court of appeal granted the writ and reversed the trial court's ruling. Wharton v. Ridgell, XXXX-XXXX (La.App. 4 Cir. 12/15/04) (unpublished).
Both Tycer and the City of Hammond filed applications for writ of certiorari in this Court. This Court granted both applications and consolidated the matters. Wharton v. Ridgell, XXXX-XXXX, XXXX-XXXX (La.3/24/05), 896 So.2d 1015. On April 5, 2005, Tycer filed a motion to dismiss its writ application, which this Court granted on April 6, 2005.

DISCUSSION
The City of Hammond contends that under LSA-R.S. 13:5104(B), Tangipahoa Parish is the only proper venue for plaintiff's suit against it. Conversely, plaintiff asserts that venue is proper in Orleans Parish because she sustained damages in Orleans Parish due to the death of her daughter in that parish.
LSA-R.S. 13:5104(B) provides:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
In McDaniel v. Reed, 613 So.2d 758 (La.App. 4 Cir.1993), the decedent was initially treated for severe headaches at Franklin Medical Center located in Franklin Parish. The decedent was subsequently *463 transferred to E.A. Conway Medical Center in Ouachita Parish, were he received further treatment. Thereafter, he was transferred to Charity Hospital in Orleans Parish, where he underwent surgery and later died. The plaintiffs filed a wrongful death suit in Orleans Parish.
The defendants filed exceptions of improper venue. Charity Hospital and E.A. Conway Medical Center argued, inter alia, that the physician defendants were employees of a political subdivision, Louisiana Health Care Authority, and therefore, suits against them could only be brought either in East Baton Rouge Parish, the domicile of the Louisiana Health Care Authority, or in the place where the cause of action arose (Ouachita Parish as to the E.A. Conway physician and Orleans Parish as to the Charity Hospital physician). In his exception of improper venue, the Franklin Parish physician argued that proper venue for a suit against him would be Franklin Parish, where the cause of action arose.
The trial court granted the exceptions of improper venue, finding that, pursuant to LSA-R.S. 13:5104, venue was proper in Franklin Parish, the location where the plaintiffs' cause of action arose. The court of appeal granted the plaintiffs' application for supervisory writs and reversed. The appellate court stated:
In a wrongful death case, for the purposes of venue, the parish in which the death occurs that forms the basis of the suit is "the parish where the damages are sustained" under La.C.C.P. art. 74[[3]] and plaintiff is allowed to bring the action in that parish. Laborde v. DeBlanc, 532 So.2d 829 (La.App. 4 Cir.1988). Further, a cause of action in wrongful death does not arise until the victim dies. Guidry v. Theriot, 377 So.2d 319 (La. 1979).
Under these circumstances, we find that plaintiffs' cause of action for the wrongful death of decedent arose in Orleans Parish, where decedent was treated extensively, underwent surgery and ultimately died.
Later that same year, the Second Circuit Court of Appeal decided Keele v. Knecht, 621 So.2d 106 (La.App. 2 Cir. 1993), the case relied upon by the City of Hammond in this case. In Keele, the plaintiffs, residents of Sabine Parish, took their daughter to be treated by a physician who was domiciled and practiced medicine in Natchitoches Parish. The defendant physician administered Tylenol to the child in his office and instructed the child's mother to continue administering Tylenol to the child. Three days later, the child's condition had worsened, and she was taken to the emergency room at Natchitoches Parish Hospital. Subsequently, the child was transferred to Schumpert Medical Center in Caddo Parish. She was diagnosed with strep throat, severe dehydration, and Tylenol poisoning, and she died three days later in Caddo Parish. The plaintiffs filed a wrongful death suit in Caddo Parish against the physician who initially treated the child in Natchitoches Parish. The physician filed an exception of improper venue, arguing that he was domiciled in Natchitoches Parish and all treatment which he rendered to the child occurred in Natchitchoches Parish. The trial court granted the exception, and the court of appeal affirmed. The appellate *464 court distinguished McDaniel, pointing out that in McDaniel, "the decedent was treated `extensively' in Orleans Parish and the cause of action for wrongful death was partially based upon treatment rendered in that parish." Keele, 621 So.2d at 109. The court further noted that one of the named defendants in McDaniel, Charity Hospital, was located in Orleans Parish, therefore, venue was proper in Orleans Parish under LSA-C.C.P. art. 73.[4] Noting that there were no solidary or joint obligors in Caddo Parish upon which to base venue, the Keele court, citing LSA-C.C.P. art. 74 and a line of non-wrongful death actions, concluded:
The medical treatment rendered by the defendant to the plaintiffs' daughter occurred solely in Natchitoches Parish and constitutes the "wrongful conduct" complained of by the plaintiffs. The wrongful conduct and the damage occurred in Natchitoches Parish. The fact that the child's condition may have deteriorated elsewhere or that the child died in Caddo Parish does not render venue proper in that parish.
Keele, 621 So.2d at 111.
In this case, the City of Hammond argues that LSA-R.S. 13:5104(B) mandates venue in Tangipahoa Parish. According to the City of Hammond, the cause of action arose in Tangipahoa Parish, as the accident occurred there and the injuries to decedent were sustained there. The City of Hammond further contends that the only relationship this cause has to Orleans Parish is that decedent received medical treatment there and died there.
It is undisputed that no "wrongful conduct" referred to by LSA-C.C.P. art. 74 took place in Orleans Parish. Rather, the sole events which occurred in Orleans Parish were the medical treatment and subsequent death of decedent. Unlike in McDaniel, there are no solidary obligors in Orleans Parish upon which to base venue. Thus, the narrow issue presented for our consideration is whether Orleans Parish is a proper venue for this suit, where decedent died in Orleans Parish, but the wrongful conduct took place in Tangipahoa Parish.
Under the plain language of LSA-R.S. 13:5104(B), suits filed against political subdivisions may be instituted either in the parish in which the political subdivision is located, or in the parish in which the cause of action arose. Citing Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262, as well as Landry v. Avondale Industries, Inc., XXXX-XXXX (La.7/2/04), 877 So.2d 970, the court of appeal in this case stated:
Considering that a wrongful death action arises only upon the death of the victim and compensates the beneficiary for their own individual injuries which the beneficiary suffers from the moment of the victim's death and thereafter, it would be illogical to say that the damage sustained by plaintiff in the instant case as a result of the death of her daughter in Orleans Parish is deemed to have been sustained by plaintiff in Tangipahoa Parish, just because that is also where the wrongful conduct occurred, even though that wrongful conduct gave rise to the decedent's death.
Sl. opn. at 8. Additionally, quoting LSA-R.S. 13:5104(B), the court of appeal reiterated its conclusion in McDaniel, stating:
In McDaniel, supra, this court held that the parish where the wrongful death action arose  where the death occurredwas *465 the parish under La. R.S. 13:5104(B) where the "cause" arose. It is evident that under current La. R.S. 13:5104(B), the plaintiff's cause of action for the wrongful death of her daughter arose in Orleans Parish upon her daughter's death in Orleans Parish. Therefore, venue is proper under La. R.S. 13:5104(B) in Orleans Parish as to plaintiff's wrongful death action against the City of Hammond, and for her other interrelated claims against that defendant.
Sl. opn. at 10-11.
In Walls, supra, this Court stated:
[T]he plaintiffs' injury in a wrongful death action occurs when the victim dies. This Court has twice recognized that the wrongful death action could not arise until the date of the victim's death. Guidry v. Theriot, 377 So.2d 319 (La. 1979); Taylor v. Giddens, 618 So.2d 834, 840 (La.1993).
As noted above, LSA-R.S. 13:5104(B) limits actions against political subdivisions to two possible venues: (1) the parish in which the political subdivision is located; and (2) the parish in which the cause of action arises. Unlike LSA-C.C.P. art. 74, LSA-R.S. 13:5104(B) makes no reference to "the parish where the wrongful conduct occurred," for the purposes of a direct tort action.
The instant case does not involve a direct tort action, but instead, presents an action for wrongful death. A cause of action in a direct tort action arises when the wrongful conduct occurs, and venue is proper under LSA-C.C.P. art. 74 in the parish in which the wrongful conduct took place.[5] However, as this Court has made clear that an action for wrongful death arises at the death of the victim, and the injuries of a plaintiff in a wrongful death action occurs at the moment of death and thereafter. Therefore, in this case, plaintiff's injuries did not occur in Tangipahoa Parish where the alleged wrongful conduct transpired. Rather, plaintiff's injuries occurred upon the death of her daughter, which took place in Orleans Parish. Accordingly, we find that plaintiff's cause of action for wrongful death arose in Orleans Parish. For this reason, we hold that Orleans Parish is a parish of proper venue for plaintiff's claims under LSA-R.S. 13:5104(B).

CONCLUSION
For the reasons set forth herein, we find that venue is proper in Orleans Parish for this wrongful death action under LSA-R.S. 13:5104(B). Therefore, the judgment of the court of appeal is hereby affirmed, and this case is remanded to the trial court for further proceedings.
VICTORY and WEIMER, JJ., dissent and assign reasons.
TRAYLOR, J., dissents for reasons assigned by WEIMER, J.
*466 VICTORY, J., dissenting.
I respectfully dissent. I agree with the first two paragraphs of Justice Weimer's dissent and much of the remainder. I write separately to point out that the majority gives no rationale for simply holding that a cause of action belonging to others arises at the place where the decedent died. Certainly this ruling is easy to apply. However, because this is a matter of first impression before this Court, the Court should consider and discuss all of the facts and circumstances in deciding where a cause of action arises.
Further, in my view, the legislature should amend La. R.S. 13:5104(B) to expand the venue alternatives for wrongful death actions against political subdivisions, or to define where a cause of action arises. The statute as written leads the majority to the anomalous result of having the place of death be considered to be the sole determinative factor, even where the place of death might be totally fortuitous and remote from the location of the injured parties and the place where the defendant's wrongful conduct occurred. Such a result is contrary to the purpose of the venue statutes, which is "to allocate cases among parishes with an interest in the proceeding so as to provide for efficient disposition of caseloads." Underwood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715, 717.
For the above reasons, I respectfully dissent.
WEIMER, J., dissenting.
I respectfully dissent.
As the majority notes, all of the wrongful conduct took place in Tangipahoa Parish. The wrongful death and survival actions arose out of an automobile-pedestrian accident which occurred in Hammond, Tangipahoa Parish, on August 25, 2003. As a result of the injuries sustained, Savannah was transferred to Children's Hospital in New Orleans where she underwent extensive medical treatment. Following the accident, the child lapsed in and out of a coma for about seventeen days prior to her death at the hospital on September 11, 2003. Plaintiff and all of the defendants are from Tangipahoa Parish. The only fact linking Orleans Parish to this matter is the treatment and unfortunate death of Savannah Daley.
I would not apply Walls v. American Optical Corporation, 98-0455 (La.9/8/99), 740 So.2d 1262, and Landry v. Avondale Industries, Inc., 03-3432 (La.7/2/04), 877 So.2d 970, to a venue statute. Those matters addressed theories of recovery and when the cause of action arose, not the issue of venue which addresses a consideration of the most convenient situs for a trial and where the cause of action arose. See Keele v. Knecht, 621 So.2d 106, (La. App. 2 Cir.1993).
In determining the parish in which the "cause of action arose" for purposes of LSA-13:5104(B), I would apply the rationale of Keele v. Knecht. In Keele, plaintiffs, who were residents of Sabine Parish, took their child to a doctor in Natchitoches Parish. Once the child's condition worsened, she was transferred to a hospital in Caddo Parish where she later died. Plaintiffs filed suit in Caddo Parish. The court found the mere fact that damages may have progressed to a parish otherwise unconnected with the proceedings and that the child died there did not make that parish a proper venue under LSA-C.C.P. art. 74. See also Belser v. St. Paul Fire & Marine Insurance Co., 509 So.2d 12 (La.App. 1 Cir.1987). The plaintiff in Belser had bypass surgery in East Baton Rouge Parish. He claimed complications caused by the surgery resulted in loss of his eyesight in St. Helena Parish *467 and filed suit for recovery of damages there. The appellate court found venue was proper only in East Baton Rouge Parish where surgery was performed.
This same rationale was employed in Chambers v. LeBlanc, 598 So.2d 337 (La. 1992). Although Chambers involved a legal malpractice suit rather than a wrongful death suit, this court decided that Article 74 should not be given an open-ended interpretation by applying it to any parish in which damage may progress. This court concluded the proper interpretation of the article was to limit its provisions to the parish in which two factors united: (1) the wrongful conduct occurred and (2) the plaintiff suffered damage. The mere fact that damage might progress to another parish did not make that parish a proper venue.
A simple example is illustrative of the tenuous nature of ties to a venue under the majority's decision. If death occurred in route to the hospital, under the majority's rationale, the parish where the death occurred would be the proper venue for a wrongful death action. However, such a parish would have no connection to the cause of action other than the fact the death occurred there.
NOTES
[1] Also named as defendants were Michael Carbon, Alonzo Sonny and Gloria Ridgell, who are apparently the owners of Tycer. All of these individuals are residents of Tangipahoa Parish.
[2] Plaintiff alleged that the City of Hammond was liable for failing to set an adequate speed limit and failing to adequately patrol, monitor, and control traffic in the area in which the accident occurred.
[3] LSA-C.C.P. art. 74 provides:

An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
[4] LSA-C.C.P. art. 73 provides that an action for the recovery of damages for an offense or quasi offense against joint or solidary obligors may be brought in the any parish in which venue is proper for any of the defendants.
[5] In Chambers v. LeBlanc, 598 So.2d 337 (La. 1992), the plaintiffs filed a legal malpractice action in Livingston Parish, the parish of their domicile, against an attorney who was domiciled and practiced law in Ascension Parish. The plaintiffs alleged that the defendant failed to timely file an underlying lawsuit in East Baton Rouge Parish. In a per curiam opinion, this Court stated:

When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under [LSA-C.C.P. art.] 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of the plaintiff's domicile. Here, the wrongful conduct occurred in either Ascension Parish or East Baton Rouge Parish, but clearly not in Livingston Parish, which is therefore not a parish of proper venue under Article 74.
Chambers, 598 So.2d at 337-38 (internal citations omitted).