LOVE, J.,
Concurs and Assigns Reasons.
hi respectfully concur with the majority’s denial of relator’s application for writ. However, I write separately to address the rationale for the conclusion that Orleans Parish remains a proper venue for suit as to relator, which is not domiciled in Orleans Parish.
Relator argues that whereas there were originally two political subdivision defendants in the suit (Prevost Memorial Hospital and Charity Hospital), because it is the only remaining hospital service district in the suit, its Ascension Parish domicile is the appropriate venue. However, I find that Orleans Parish continues to be one of the two appropriate venues delineated in La. R.S. 13:5104(B).
While the general venue rule provided in La. R.S. 46:1063 requires that a hospital service district be sued at in the parish in which it is domiciled, La. R.S. 13:5104(B) is an ancillary venue provision, which provides:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course *196 and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises. (Emphasis added.)
Moreover, in Underwood v. Lane Memorial Hospital, 97-1997, pp. 5-6 (La.7/8/98), 714 So.2d 715, 717-718, the Louisiana Supreme Court espoused thejgprinciple that a single political subdivision can be sued only in one of two parishes according to this ancillary venue provision as follows:
Nevertheless, the fact that the Legislature in 1985 expressly deleted the word “may” and substituted the word “shall” in Section 5104 B indicates a legislative intent that a single political subdivision can be sued only in one of the two specified parishes and that no other exceptions are applicable. When a single political subdivision is the only defendant, the choice of venues provided by Section 5104 B is logical and consistent with the legislative intent that a political subdivision generally must be sued at its “home base” or in the parish which gave rise to the cause of action. And even when a political subdivision is one of several defendants, that legislative intent arguably is still applicable, especially when a parish of proper venue under Section 5104 B is also proper venue for the other defendants. However, when two political subdivisions located in different parishes are joined as defendants and alleged to be joint or solidary obligors as to the same transaction or occurrence, additional policy considerations enter into the determination of legislative intent. (Emphasis added.)
Underwood, 97-1997, pp. 5-6, 714 So.2d at 717-718.
Further, as to policy considerations, “[vjenue is basically a convenience factor
as opposed to a jurisdictional factor, giving consideration to the particular action and the particular parties.” Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 06-1104, pp. 7-8 (La.1/17/07), 947 So.2d 15, 20. “When multiple parties are involved, while venue may be ‘mandatory’ in a different court for each defendant, that does not mean that the case will not be ultimately heard in a court that is proper for one party but not the others under the concept of ancillary venue.” Colvin., 06-1104, p. 8, 947 So.2d 15, 20-21. Ancillary venue provisions such as La. R.S. 13:5104(B) “allow such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.” Unde'rwood, 97-1997, p. 8, 714 So.2d 715, 719.
In the instant matter, Orleans Parish was proper in the original suit for two reasons: 1) Charity Hospital is a hospital service district domiciled in Orleans Parish; and 2) plaintiffs instituted a wrongful | adeath action, which accrued at place of death of Mr. Ealam, Orleans Parish, the parish that gave rise to the wrongful death action. However, once Charity Hospital was dismissed from the suit, the domicile of Charity Hospital in its capacity as a hospital service district ceased to be an issue in the determination of whether grounds to support proper venue in Orleans Parish remained. Nevertheless, Orleans Parish continued to be a proper venue as to the plaintiffs’ wrongful death action.
I conclude that the cause of action for venue purposes arose in Orleans Parish because that is where the operative facts occurred that support plaintiffs’ entitlement to recovery for wrongful death. Under Louisiana jurisprudence, given that Mr. Ealem’s death occurred in Orleans Parish, plaintiffs’ cause of action for *197 wrongful death under La. R.S. 13:5104(B) arose in Orleans Parish. Wharton v. Ridgell, 05-0069, pp. 7-8 (La.1/19/06), 922 So.2d 461 at 464, 465. This conclusion is a direct result of plaintiffs’ injuries for wrongful death not arising until the time of Mr. Ealam’s death. Id. Thus, although only one hospital service district domiciled in Ascension Parish remains a party to the suit, and Charity Hospital of Orleans Parish domicile was dismissed, suit is still proper as to relator in Orleans Parish.