STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1219

GLADYS McKNIGHT STARKS, ET AL.

VERSUS

AMERICAN BANK NATIONAL ASSOCIATION, ET AL.

************

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 75,215-B
HONORABLE PEYTON CUNNINGHAM, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Robert A. Mahtook
Kay A. Theunissen
600 Jefferson Street, Suite 1000
P. O. Box 3089
Lafayette, Louisiana 70502
COUNSEL FOR THIRD PARTY DEFENDANT/APPELLANT:
    Specialty Risk Associates, Inc.

Kimberly O. Golden
300 Washington Street, Suite 404
P. O. Box 1512
Monroe, Louisiana  71210-1512
COUNSEL FOR THIRD PARTY PLAINTIFF/APPELLEE:
    American Bank National Association, d/b/a Black Lake Lodge

Mr. Brian A. Homza
333 Texas Street, Suite 1700
Shreveport, Louisiana 71120-2260
COUNSEL FOR THIRD PARTY DEFENDANT:
    Louisiana Insurance Services, Inc.

**GENOVESE, Judge.**

Third Party Defendant/Appellant, Specialty Risk Associates, Inc., appeals the trial court's judgment overruling its declinatory exception of improper venue. We affirm.

## PROCEDURAL BACKGROUND

In November of 2002, Plaintiffs filed suit in Natchitoches Parish against American Bank National Association ("American Bank"), d/b/a Black Lake Lodge, its insurer, Scottsdale Insurance Company, Fred Stewart, Joe Brantley, and the State of Louisiana, through the Department of Wildlife and Fisheries, seeking damages for the wrongful death of Only Reed, Jr. The claims against the State were compromised and dismissed by Motion and Order dated September 4, 2003. In December of 2003, Defendant, Fred Stewart, also settled with Plaintiffs and executed an Assignment of Claims whereby he expressly reserved and assigned to American Bank all of his claims against Scottsdale Insurance Company. American Bank also purportedly settled with Plaintiffs, but have yet to be formally dismissed from the lawsuit.

On February 27, 2004, American Horizons Bank, successor to American Bank National Association by way of merger, filed a Cross-Claim against Scottsdale Insurance Company, and a Third Party Demand against Specialty Risk Associates, Inc., and Louisiana Insurance Services, Inc. All claims and demands against Scottsdale Insurance Company were later dismissed pursuant to summary judgment signed May 18, 2004.

Specialty Risk Associates, Inc. ("Specialty Risk") filed a declinatory exception of improper venue, asserting that there is no basis for venue in Natchitoches Parish because all of Plaintiffs' claims on the main demand were allegedly resolved in December of 2003, prior to the filing of the Third Party Demand.

1

**LAW AND DISCUSSION**

Specialty Risk appeals the trial court's judgment overruling its exception of improper venue. The trial court concluded that Plaintiffs' principal action was filed in the proper venue; therefore, Specialty Risk is expressly prohibited from objecting to venue pursuant to La.Code Civ.P. art. 1034. We agree.

The judgment which is the subject of this appeal is interlocutory. The trial court overruled a declinatory exception of improper venue filed by Third-Party Defendant/Appellant, Specialty Risk Associates, Inc. We review this matter pursuant to our supervisory jurisdiction on the basis that the judgment will cause irreparable harm.

An interlocutory judgment which causes irreparable harm is subject to this court's appellate jurisdiction. La.Code Civ.P. art. 2083. Where a trial court overrules an exception of improper venue, irreparable harm may occur and the ruling is subject to review by an appellate court, either via appeal or supervisory writs.[1] *Cameron Parish Police Jury v. McKeithen,* 02-1202 (La.App. 3 Cir. 10/14/02), 827 So.2d 666, *writ denied*, 02-2547 (La.App. 3 Cir. 10/23/02), 827 So.2d 1148.

Ordinarily, when an appeal involves a ruling on an exception with contested issues of fact, the standard of review is the manifest error – clearly wrong standard. *Chesne v. Mayeaux*, 03-0570 (La.App. 3 Cir. 11/5/03), 865 So.2d 766, (see also *Guitreau v. Kucharchuk*, 99-2570 (La.5/16/00), 763 So.2d 575; citing *Stobart v. State of Louisiana, Through Dept. of Transp. and Dev.*, 92-1328 (La.4/12/93), 617 So.2d 880). However, in a case in which there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, as in the case at bar, the

---

[1]An application for supervisory writ was also applied for under docket number CW 04-1219. This court granted the writ application for the limited purpose of ordering the consolidation of the writ application with the appeal.

2

proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking* Co., 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05) --- So.2d ---; citing *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La.9/19/03), 853 So.2d 644, 645.

Specialty Risk argues that when American Bank purportedly settled with Plaintiffs in December of 2003, venue in Natchitoches Parish was no longer proper because the principal demand was no longer a justiciable controversy. We note that Specialty Risk also asserts that the record reflects that all claims on the main demand have been resolved; however, the record does not contain a formal dismissal by the Plaintiffs of American Bank as to the principal demand.

American Bank contends that when Plaintiffs filed their original petition naming as defendants, American Bank National Association, d/b/a Black Lake Lodge, its insurer, Scottsdale Insurance Company, Fred Stewart, Joe Brantley, and the State of Louisiana, through its Department of Wildlife and Fisheries, venue was proper in Natchitoches Parish. There was no objection to venue at that stage of the proceedings.

In overruling Specialty Risk's exception of improper venue, the trial court ruled that Plaintiffs' suit was filed in a court of proper venue under La.Code Civ.P. art. 74. Natchitoches Parish is where the alleged wrongful conduct occurred and where the damages were allegedly sustained. Louisiana Code of Civil Procedure article 1034 governs exceptions and motions in incidental actions and states in pertinent part:

> A defendant in an incidental action may plead any of the exceptions available to the defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, *except that an objection of improper venue may not be urged if the principal*

3

*action has been instituted in the proper venue.*

(Emphasis added).

Following our review of the record, we do not find that the trial court was clearly wrong in overruling Specialty Risk's declinatory exception of improper venue. The trial court correctly considered the applicable law as to venue and there is no legal error. Because venue in Natchitoches Parish was proper in the principal action, La.Code Civ.P. art. 1034 prohibits Specialty Risk from urging an objection of improper venue as to the incidental action. We find no error in the trial court's ruling.

## DECREE

For the foregoing reasons, the judgment denying Specialty Risk's exception of improper venue is affirmed. All costs of this proceeding are assigned to the Defendant/Appellant, Specialty Risk Associates, Inc.

**AFFIRMED.**

4