STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-212

DEAN F. LEBLANC

VERSUS

JENNY A. HULIN LEBLANC

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 72107
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR TRIAL ON THE MERITS.

Gordie Ray White
P. O. Box 10137
New Iberia, LA 70562
Telephone:  (337) 364-5846
COUNSEL FOR:
    Defendant/Appellee - Jenny A. Hulin Leblanc

R. Michael Moity, Jr.
The Moity Law Firm
114 West Washington Street
New Iberia, LA 70560
Telephone:  (337) 367-7727
COUNSEL FOR:
    Plaintiff/Appellant - Dean F. Leblanc

THIBODEAUX, Chief Judge.

In this community property dispute, an ex-wife brought a petition to partition the community property more than ten years after the couple had obtained a divorce judgment terminating their community. In the partition, she included several pieces of movable property and also requested an accounting and partition of her ex-husband's retirement account. Additionally, she requested reimbursement from her ex-husband's separate estate for payments made from the community on a mortgage against his separate property, as well as for money spent on renovations to a room on that same property. Her ex-husband argues that her efforts to obtain partition and reimbursement have prescribed. The trial court dismissed his exception of prescription.

Louisiana jurisprudence holds that until community is partitioned, the parties remain as co-owners of any unpartitioned property. There is no prescription period applicable to the right of a co-owner of property to bring a petition to partition that property. Moreover, Louisiana law clearly holds that the portion of a retirement account earned during the existence of the community is community property and, therefore, subject to partition. Thus, we affirm the trial court's judgment dismissing the exception of prescription as to the accounting and partition of the retirement account. The claim for reimbursement, however, is not subject to the principles of co-ownership because it is a claim of one spouse against the other, not against the community itself. Thus, the ten-year liberative prescription period applicable to personal actions applies to a claim for reimbursement. We, therefore, reverse the trial court's judgment dismissing the ex-husband's exception of prescription as to the claim for reimbursement. That claim is prescribed.

1

# I.

## ISSUE

We must determine whether the trial court erred in concluding that Mrs. Street's claims for an accounting of community assets and for reimbursement had not prescribed.

# II.

## FACTS

Jenny Hulin LeBlanc and Dean LeBlanc divorced on January 10, 1991. On October 31, 1991, they obtained a judgment of divorce, but neither Mrs. Hulin LeBlanc (now Mrs. Street) nor Mr. LeBlanc moved to partition their community property at that time. In July 2003, Mrs. Street filed a petition for judicial partition of their community property. The petition also alleged that separate funds had been used for the benefit of the community and requested a reimbursement. The court ordered the parties to submit their detailed descriptive lists of all community property, in accordance with La.R.S. 9:2801. Mrs. Street submitted her descriptive list in September 2003. Her list included various items of movable and immovable property, including a retirement plan in the name of Dean LeBlanc in existence during their marriage. She also requested a reimbursement to the community from the separate estate of Mr. LeBlanc for payments made on a mortgage against Mr. LeBlanc's separate property, as well as for expenditures made to renovate a small room in Mr. LeBlanc's separate property. Mr. LeBlanc did not submit a detailed descriptive list.

In January 2004, Mrs. Street filed a Rule to Show Cause why her detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. Mr. LeBlanc then filed an exception of

prescription and no right of action, arguing that either Mrs. Street's claims for reimbursement and accounting have prescribed or that the property at stake is Mr. LeBlanc's separate property and, therefore, beyond the provisions of La.R.S. 9:2801. After a hearing on these issues, the trial court denied Mr. LeBlanc's exception of prescription and no right of action. The trial court also denied Mrs. Street's motion to have her detailed descriptive list deemed the judicial determination of the community assets and liabilities and ordered Mr. LeBlanc to file his own descriptive list within fifteen days. Mr. LeBlanc appeals the trial court's denial of his exception of prescription.

III.

**LAW AND DISCUSSION**

***Accounting of Retirement Benefits***

We must first consider the procedural issue of whether Mr. LeBlanc is entitled to appeal from the court's judgment denying his exception of prescription. The trial court issued its judgment on October 15, 2004. Mr. LeBlanc's appeal is timely. Under La.Code Civ.P. art. 1915, a judgment denying an exception of no right of action and prescription is not a final judgment for purposes of appeal. Because the judgment is not a final judgment, it is normally decided by supervisory writ, rather than appeal. Accordingly, the third circuit issued a rule to show cause why the appeal should not be dismissed as having been taken from a non-appealable interlocutory judgment. Under our general supervisory authority, however, an appellate court is entitled to convert the appeal into an application for a supervisory writ of review. La.Code Civ.P. art. 2164.

After termination of a marital community property regime, but before partition, each spouse becomes a co-owner of all former community property.

3

La.Civ.Code art. 2369.1 ("[a]fter termination of the community property regime, the provisions governing co-ownership apply to former community property"). If the parties do not otherwise agree on a distribution of the former community property between them, a former spouse may then proceed to distribute the property in a partition proceeding under La.R.S. 9:2801. Until the partition, however, principles of co-ownership apply to the former community property.

Louisiana Civil Code Article 807 states that the right to request partition by a co-owner is absolute. Furthermore, La.Civ.Code art. 2369.8 states "[a] spouse has the right to demand partition of former community property *at any time*." (emphasis added). In *Terrebonne v. Theriot*, 94-1632 (La.App. 1 Cir. 6/23/95), 657 So.2d 1358, *writ denied*, 95-2249 (La. 11/27/95), 663 So.2d 743, Mrs. Theriot filed a petition for supplemental partition of community property, arguing that the original partition between her and her ex-husband did not address the allocation of certain property. Her ex-husband claimed her petition had prescribed. The court concluded:

> With regard to defendants' objection of prescription, if plaintiff's allegations can be established as true, then to the extent an ownership interest in [the property] belonged to the community of acquets and gains existing between [the parties], it remains undivided and subject to partition. Since former spouses remain co-owners of property not partitioned, a claim of liberative prescription cannot be maintained in a subsequent suit for partition. Consequently, this claim has not yet prescribed.

*Id.* at 1362 (citations omitted). The opinion cited *Hare v. Hodgins*, 567 So.2d 670, 672 (La.App. 5 Cir. 1990), *aff'd in part, rev'd in part on other grounds*, 586 So.2d 118 (La.1991) (citations omitted), in which the court denied an exception of prescription, noting that "the law is clear that where there is no transfer of rights in the partition document, an asset remains owned in indivision by the parties. Any party may seek a partition of the asset by petition for supplemental partition."

Because former spouses continue to own former community property together as co-owners until partition, inadequate partition or no partition at all permits the parties to continue as co-owners as to any undivided property. Principles of co-ownership apply, and since there is no time limit as to when a co-owner may move to partition his interest in property, former spouses who are co-owners of unpartitioned property may move to partition at any time.

Relying on principles of co-ownership, the Louisiana Supreme Court explained in *Robinson v. Robinson*, 99-3097, p. 8 (La. 1/17/01), 778 So.2d 1105, 1114-15 (citations omitted):

> As a general principle, a court partitioning a community asset is required to classify the property as of the date of the termination of the community. In the case of a pension right earned partly during and partly outside of the community, the process of classification begins at the termination of the community and continues until a partition of that asset is effected. . . . [T]he community and separate fractions of the pension cannot be separated and classified definitively until the partition.

Furthermore, Louisiana law has clearly held that the portion of retirement benefits from one spouse's employment accrued during the marriage constitute a community asset. In *Day v. Day*, 02-431, p. 12 (La.App. 1 Cir. 5/28/03), 858 So.2d 483, 491, *writ denied*, 03-1845 (La. 11/7/03), 857 So.2d 492, the court specifically considered whether retirement benefits earned by one of the parties were community property subject to partition subsequent to the settlement agreement. The court wrote:

> Each spouse owns a present undivided one-half interest in the community during its existence. La.Civ.Code art. 2336. To the extent that a property right derives from the spouse's employment during the existence of the marriage, it is a community asset subject to division upon dissolution of the marriage. La.Civ.Code art. 2338. Consequently, when the community is terminated, the employee's spouse is entitled to be recognized as the owner of one-half of the value attributable to the pension

or deferred compensation right earned during the existence of the community. *See* La.Civ.Code art. 2336. *Robinson v. Robinson*, 99-3097 (La. 1/17/01), 778 So.2d 1105, 1114. When the community is terminated, each spouse becomes a fully vested co-owner in indivision of all property of the former community regime, including pension benefits acquired during the community. *See* La.Civ.Code art. 2369.2; *see also Robinson*, 778 So.2d at 1115.

Therefore, because the parties continue as co-owners of the portion of retirement benefits earned during the existence of the community, Mrs. Street's claim for an accounting of the portion of retirement benefits to which she is entitled has not prescribed, since this property cannot be differentiated until partition occurs.

### *Reimbursement*

Mrs. Street also claimed Mr. LeBlanc's separate estate owes her reimbursement for payments made from the community on a mortgage against his separate property, as well as reimbursement for money spent on renovations to a small room, also on his separate property. Mr. LeBlanc argues this claim for reimbursement has prescribed.

Louisiana Civil Code Article 2358 states that "[u]pon termination of a community property regime, a spouse may have against the other spouse a claim for reimbursement." The Civil Code goes on to enumerate specific circumstances in which reimbursement is permissible, including reimbursement for payments made from the community to pay down a mortgage held against one spouse's separate property and reimbursement for improvements on one spouse's separate property. *See* La.Civ.Code art. 2366; La.Civ.Code art. 2367.1.

The right of reimbursement, however, is a claim of one spouse against the other, not against the community itself. Louisiana Civil Code Article 2358.1 provides that "[r]eimbursement shall be made from the patrimony of the spouse who owes reimbursement." *See also Ramsey v. Ramsey*, 96-481 (La.App. 3 Cir. 10/9/96),

6

682 So.2d 797. The third circuit held in *Bordelon v. Cobb*, 596 So.2d 268 (La.App. 3 Cir. 1992) that the appropriate time in which to assert a right for reimbursement is governed by La.Civ.Code art. 3499, which states that a "personal action is subject to a liberative prescription of ten years." A reimbursement claim is not embedded in the partition of the community property and, therefore, is not governed by principles of co-ownership. The right to bring such a claim is triggered "[u]pon termination" of the community property regime and does not wait for partition. Because Mrs. Street brought her claim for reimbursement in conjunction with her petition for partition more than ten years after the termination of the community, her claim had prescribed. The trial court erred in dismissing Mr. LeBlanc's exception of prescription as to the reimbursement portion of her claim.

IV.

**CONCLUSION**

For the above reasons, the judgment of the trial court is affirmed in part and reversed in part. Costs of appeal are assessed equally to each party.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR TRIAL ON THE MERITS**.