# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-296

RAY YELL, ET AL.

VERSUS

LENI SUMICH, M.D., ET AL.

************

## APPEAL FROM THE
## THIRTY-SIXTH JUDICIAL DISTRICT COURT
## PARISH OF BEAUREGARD, NO. C-2007-0206
## HONORABLE STUART S. KAY, JR. DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

Peters, J., dissents and assigns written reasons.

**WRIT DENIED**.

**Mitchel M. Evans II**
**416 North Pine Street**
**DeRidder, Louisiana 70634**
**(337) 462-5225**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Ray Yell and Shannon Mosier**

**John H. Grimstad**
**Niles, Bourque & Fontana, L.L.C.**
**909 Poydras Street, 35th Floor**
**New Orleans, Louisiana 70112**
**(504) 310-8550**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Leni Sumich, M.D.; Linda Lin, M.D.; and**
    **Donald Bergsma, M.D.**

**GENOVESE, JUDGE.**

In this medical malpractice case, Plaintiffs appeal the trial court judgment granting Defendants' exception of improper venue. For the following reasons, we convert the appeal to a supervisory writ and deny it.

## FACTS

Following a diagnosis of ocular melanoma,[1] Peggy Yell underwent an enucleation (removal) of her right eye at Louisiana State University Health Sciences Center, Medical Center of Louisiana at New Orleans (LSUHSC-MCLNO) on February 6, 2003. Ms. Yell was discharged from this Orleans Parish facility on February 7, 2003. She received no further treatment in Orleans Parish.

On March 31, 2004, Ms. Yell presented to W.O. Moss Regional Medical Center of Lake Charles with complaints of gall bladder pain. The CAT[2] scan performed on this date detected masses present in both lobes of her liver which were suspicious for metastatic[3] disease. Subsequent tests performed at the LSU Health Science Center in Shreveport confirmed that Ms. Yell tested positive for metastatic malignant melanoma of the liver.

On May 10, 2004, Ms. Yell died in Beauregard Parish as a result of metastatic melanoma of the liver. Plaintiffs, Ray Yell and Shannon Mosier, the spouse and mother of Ms. Yell, instituted the present medical malpractice action on March 13,

---

[1]As defined by DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, pg. 1332 (31 st ed.2007) "ocular" is "of, pertaining to, or affecting the eye. . . ." DORLAND'S defines "melanoma" as "a tumor arising from melanocytes of the skin or other organs." *Id*. at 1141.

[2]DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, pg. 307 (31 st ed.2007) defines "CAT" as "computerized axial tomography." The definition of "tomography" is "the recording of internal body images at a predetermined plane by means of the tomograph. . . ." *Id*. at 1961.

[3]"Metastatic" is defined by DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, pg. 1162 (31 st ed.2007) as "pertaining to or of the nature of metastasis." The definition of "metastasis" includes, in part, "1. the transfer of disease from one organ or part to another not directly connected with it." *Id.*

1

2007, in Beauregard Parish, against Leni Sumich, M.D., Linda Lin, M.D., Donald Bergsma, M.D., Jill Gilbert, M.D., and Louisiana State University Health Sciences Center, Medical Center of Louisiana at New Orleans, alleging negligence related to the surgery and treatment provided to Ms. Yell at LSUHSC-MCLNO. Defendants, Leni Sumich, M.D., Linda Lin, M.D., and Donald Bergsma, M.D., responded with, among other exceptions, an exception of improper venue.

Following a hearing on the exception, the trial court granted Defendants' exception of improper venue and ordered the matter transferred to Orleans Parish. The trial court signed a judgment in accordance therewith on November 4, 2007. It is from that portion of the judgment granting Defendants' exception of improper venue that Plaintiffs appeal.

## ISSUE

The sole issue which we are called upon to decide is whether the trial court was legally correct[4] in concluding that Beauregard Parish is not a parish of proper venue.

## LAW AND DISCUSSION

We note at the outset that the proper procedural device for seeking appellate review of a judgment granting an exception of improper venue is an application for supervisory writs.[5] In the instant matter, Plaintiffs erroneously filed a suspensive

---

[4]Plaintiffs, in their appellate brief, assert as error the trial court's "abuse of discretion in sustaining Defendants' Declinatory Exception of Improper Venue." However, this is not the standard of review to be applied by this court. Although appellate review of an exception with contested issues of fact is subject to the manifest error/clearly wrong standard, "in a case in which there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error." *Starks v. Am. Bank Nat. Ass'n*, 04-1219, pp. 2-3 (La.App. 3 Cir. 5/4/05), 901 So.2d 1243, 1245.

[5] The grant of an exception of improper venue is an interlocutory judgment. La.Code Civ.P. art. 1841. "An interlocutory judgment is appealable only when expressly provided by law." La.Code Civ.P. art. 2083(C).

2

appeal. Although no formal motion was filed, Defendants, in their appellate brief, assert that the present appeal is procedurally defective and move this court to dismiss same. We decline to do so.

"Under our general supervisory authority . . . an appellate court is entitled to convert the appeal into an application for a supervisory writ of review. La.Code Civ.P. art. 2164." *LeBlanc v. LeBlanc*, 05-212, p. 3 (La.App. 3 Cir. 11/2/05), 915 So.2d 966, 969. Exercising our authority to do so, we convert the present suspensive appeal into an application for a supervisory writ of review and address the issue of whether or not Beauregard Parish is a parish of proper venue in this case.

The treatment rendered by Defendants giving rise to this medical malpractice action occurred solely in Orleans Parish. Ms. Yell died in Beauregard Parish. Plaintiffs filed suit in Beauregard Parish. The pertinent legal inquiry is whether Ms. Yell's death alone in Beauregard Parish, though the alleged medical malpractice occurred in Orleans Parish, triggers an alternative venue in Beauregard Parish.

In support of their contention that Beauregard Parish is a parish of proper venue, Plaintiffs cite La.R.S. 13:5104(B). We pretermit any discussion of La.R.S. 13:5104(B) since that statutory provision applies only to a political subdivision. No Defendant in the instant action is a political subdivision which would trigger the venue provisions asserted by the Plaintiffs under paragraph (B) of La.R.S. 13:5104. Thus, Plaintiffs' reliance on La.R.S. 13:5104(B) is misplaced.

Plaintiffs also rely on the decision of *Wharton v. Ridgell*, 05-69 (La. 1/19/06), 922 So.2d 461, in support of their contention that venue in a malpractice action is proper in the parish in which the patient died. In *Wharton*, the decedent was injured in Tangipahoa Parish, where she was stuck by a vehicle while crossing a street. She

3

was treated for her injuries in Orleans Parish where she died seventeen days later. A wrongful death action was filed by the decedent's mother in Orleans Parish, against the defendants, who were residents of Tangipahoa Parish. The trial court granted defendants' exception of improper venue, and the appellate court reversed. Our supreme court affirmed the appellate court, holding that the parish where the death occurred was a proper venue for the wrongful death action filed by the child's mother.

We do not find *Wharton* to be controlling. First, our supreme court in *Wharton* was applying La.R.S. 13:5104(B), which is inapplicable to the case at bar. Second, *Wharton* involved an action for wrongful death resulting from an automobile accident, as opposed to medical malpractice, and is distinguishable as to the nature of the cause of action being asserted. Additionally, in *Wharton*, contrary to the case at bar, the decedent received medical treatment in the parish of her death. Neither *Wharton,* nor any other jurisprudence holds, as Plaintiffs contend herein, that venue in a medical malpractice action is proper in a parish based solely upon the patient's ultimate death occurring in said parish.

Because one of the Defendants in this case, LSUHSC-MCLNO, is a state agency, the governing statutory provision for purposes of venue in the instant matter is La.R.S. 13:5104(A). That statute specifically and expressly provides that "[a]ll suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises."

We find *Colvin v. Louisiana Patient's Compensation Fund Oversight Board*, 06-1104 (La. 1/17/07), 947 So.2d 15, to be pertinent to the case at bar. In *Colvin*, our supreme court applied the provisions of La.R.S. 13:5104(A) in a suit against the

4

Louisiana Patient's Compensation Fund Oversight Board (PCF), which is a state agency. *Colvin* presented consolidated cases brought by plaintiffs against the PCF wherein it was alleged that, following their claim for medical malpractice, the PCF was negligent in its adjustment of said claims. The issue before the court was the proper venue for suits brought against the PCF. The supreme court held "that venue for a suit against this state agency is specifically provided by La.R.S. 13:5104(A), and that the general venue provisions and exceptions found in La. C.C.P. arts. 42, and 71-85, specifically La. C.C.P. art. 74, do not apply." *Id*. at 16. Notably, our supreme court in *Colvin* recognized that "the analysis for 'when' a cause of action arises is different from the analysis for 'where' a cause of action arises for venue purposes[,]" and in so doing, reasoned as follows:

> Although we ultimately held in *Wharton* that for venue purposes under La. R.S. 13:5104(B), a wrongful death cause of action arises at the place of death, regardless of where the wrongful conduct occurred, we recognized that in a direct tort action, as opposed to a wrongful death action, venue is proper, even under La. C.C.P. art. 74, in the parish in which the wrongful conduct took place. Further, the standard for addressing "when" a cause of action arises under *Landry* and *Walls* addresses theories of recovery for determining a party's right to recovery, whereas "where" a cause of action arises for venue purposes addresses a consideration of the most convenient situs for trial. Under such consideration, the place where a plaintiff happened to be when wrongful conduct caused his damages is often very inconvenient for purposes of where the trial should be conducted, as it often has no relation to the location of the defendant, or the wrongful conduct. In any event, the ultimate holding of *Wharton* is distinguishable and not determinative of this case, as *Wharton* was a wrongful death case.

*Id*. at 23-24.

When considering "the question of what constitutes the situs of a cause of action[,]" our supreme court in *Colvin* ultimately adopted the test set forth by the fourth circuit in *Avenal v. State, Department of Natural Resources*, 95-836 (La.App. 4 Cir. 11/30/95), 668 So.2d 1150, *writ denied*, 96-198 (La. 1/26/96), 667 So.2d 524.

5

"In *Avenal*, the court held that 'the place where the operative facts occurred which support plaintiff's entitlement to recovery is where the cause of action arise[es]' for venue purposes under La. R.S. 13:5104(A)." *Colvin*, 947 So.2d at 24.

In the instant matter, because the sole treatment rendered by Defendants was in Orleans Parish (where the alleged medical malpractice occurred), Orleans Parish is clearly "where the operative facts occurred which support [Plaintiffs'] entitlement to recovery." Therefore, based upon *Colvin*, Orleans Parish is where the cause of action arose for venue purposes under La.R.S. 13:5104(A). Accordingly, we find that the trial court was legally correct in concluding that Beauregard Parish is not a parish of proper venue in the case at bar and in transferring the matter to Orleans Parish.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the exception of improper venue on behalf of Defendants, Leni Sumich, M.D., Linda Lin, M.D., and Donald Bergsma, M.D., and transferring the matter to the civil district court for the parish of Orleans, is affirmed. Costs are assessed against the Plaintiffs, Ray Yell and Shannon Mosier.

**WRIT DENIED.**

NUMBER 08-296

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

RAY YELL, ET AL.

VERSUS

LENI SUMICH, M. D., ET AL.

PETERS, J., dissenting.

I respectfully disagree with the majority in its determination that the trial court did not err in granting the defendants' exception of improper venue. The majority concludes that La.R.S. 13:5104(A), and not La.R.S. 13:5104(B), governs the venue issue. However, as I read the statute, it matters not whether any defendant is classified as a political subdivision or a state agency. In both La.R.S. 13:5104(A) and (B), venue is proper in "the district court having jurisdiction in the parish in which the cause of action arises."

Mrs. Yell died in Allen Parish, which, based on the supreme court's decision in *Wharton v. Ridgell*, 05-69 (La. 1/19/06), 922 So.2d 461, is a parish of proper venue. In *Wharton*, the mother of an accident victim brought suit in Orleans Parish to recover damages for the wrongful death of her daughter. The daughter sustained her injuries in an automobile accident that occurred in Tangipahoa Parish, was transferred to Children's Hospital in Orleans Parish for treatment, and died as a result of her injuries while in Orleans Parish. One of the defendants, the City of Hammond, challenged venue, using La.R.S. 13:5104(B) as the basis of its argument. The supreme court concluded that "a wrongful death action arises only upon the death of the victim," (*Id.* at 464) and that "the plaintiff's cause of action for the wrongful death of her daughter arose in Orleans parish upon her daughter's death in Orleans Parish"

(*Id.* at 465) despite the fact that no wrongful conduct took place in Orleans Parish. In the case before us, the alleged wrongful conduct occurred in Orleans Parish, but Mrs. Yell died in Allen Parish.

The majority in this matter relies primarily on the holding in *Colvin v. Louisiana Patient's Compensation Fund Oversight Board,* 06-1104 (La. 1/17/07), 947 So.2d 15, which involved a suit brought in Bossier Parish against the Louisiana Patient's Compensation Fund Oversight Board (Board) wherein the plaintiffs alleged that the Board failed in its statutory duties of good faith and fiduciary obligations to victims of medical malpractice. That is to say, the Board arbitrarily failed to settle the plaintiffs' malpractice claims.

In reversing the second circuit and concluding that East Baton Rouge Parish, not Bossier Parish, was the parish of proper venue, the supreme court couched the issue in the following way:

> [I]f we determine that La.R.S. 13:5104(A) is applicable to the exclusion of the other general venue statutes, then we must also determine *where* a direct tort cause of action arises for purposes of La.R.S. 13:5104.

*Id.* at 19. The supreme court concluded that the two venues provided for in La.R.S. 13:5104(A) were exclusive for state agencies, that the plaintiffs were only challenging ministerial actions of the Board, that the conduct complained of occurred in East Baton Rouge, and that therefore the only place of proper venue was East Baton Rouge Parish. In rejecting the plaintiffs' arguments that they sustained damages in Bossier Parish, the supreme court specifically referenced *Wharton* and reasserted the rule that "a wrongful death cause of action arises at the place of death, regardless of where the wrongful conduct occurred." *Id.* at 23.

In reaching the conclusion that venue is proper in Allen Parish, I recognize that

2

the supreme court in *Wharton* noted that the matter before it "[did] not involve a direct tort action, but instead, present[ed] an action for wrongful death." *Wharton,* 922 So.2d at 465. In the matter now before us, the plaintiffs seem to be pursuing predeath damages as well as wrongful death damages, i.e., both a direct tort action and a wrongful death action. Although the supreme court has not directly addressed such a situation, I find the holding in *Underwood v. Lane Memorial Hospital*, 97-1997 (La. 7/8/98), 714 So.2d 715, provides guidance. In *Underwood*, the supreme court was faced with a situation where multiple political subdivisions from different parishes were named as defendants and concluded that in such a situation, La.R.S. 13:5104 could not work. In resolving the conflict created by the statute, the supreme court applied the doctrine of ancillary venue which "allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party." *Id.* at 719.

Applying the doctrine of ancillary venue to the matter now before us, and understanding that the issue is venue, and not that of a more convenient forum, I would reverse the trial court grant of the exception and remand the matter for further proceedings.