NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-403

GULF STATES UNDERWRITERS OF LOUISIANA, INC.
VERSUS
NANTUCKET BAY SUBDIVISION, L.L.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 225,546
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

MOTION TO DISMISS APPEAL GRANTED.
APPELLANT PERMITTED TO FILE AN
APPLICATION FOR SUPERVISORY WRITS.

Thomas D. Davenport, Jr.
Honorable Allen A. Krake
The Davenport Firm, A.P.L.C.
1628 Metro Drive
Alexandria, LA 71301
(318) 445-9696
COUNSEL FOR PLAINTIFF/APPELLANT:
    Gulf States Underwriters of Louisiana, Inc.

Andrew Parker Texada
Stafford, Stewart & Potter
Post Office Box 1711
Alexandria, LA 71309
(318) 487-4910

COUNSEL FOR DEFENDANT/APPELLEE:
    Nantucket Bay Subdivision, L.L.C.

DECUIR, Judge.

The Defendant-Appellee, Nantucket Bay Subdivision, L.L.C., filed a motion to dismiss this appeal as having been taken from a non-appealable, interlocutory order sustaining an exception of improper venue. For the reasons assigned below, we grant the motion to dismiss.

The Plaintiff-Appellant, Gulf States Underwriters of Louisiana, Inc., filed a petition to rescind sale, redhibition, breach of contract and damages as a result of its purchase of alleged "lake front" property in Sabine Parish. The Defendant filed an exception of improper venue that was sustained by the trial court on January 26, 2009. The Plaintiff filed its motion for appeal on February 3, 2009. On February 5, 2009, the trial court granted the appeal and designated the ruling as final and appealable. The record in this appeal was lodged on April 1, 2009.

We find that the ruling at issue, sustaining an exception of venue, is an interlocutory ruling that is not appealable. The proper procedural device for seeking appellate review is an application for supervisory writs. *Yell v. Sumich*, 08-296 (La.App. 3 Cir. 10/15/08), 997 So.2d 69. La.Code Civ.P. art. 1841. Therefore, we hereby dismiss the appeal at appellant's cost.

However, we find that since the Plaintiff filed a motion for an appeal within the time delays for seeking supervisory writs, justice demands that we afford the Plaintiff time within which to file a supervisory writ application with this court. Accordingly, the Plaintiff is hereby permitted to file a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than May 28, 2009. The Plaintiff is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to

Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the

motion for appeal as a timely filed notice of intent to seek a supervisory writ.


**MOTION TO DISMISS APPEAL GRANTED. APPELLANT PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**


This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.