GULF STATES UNDERWRITERS OF LOUISIANA, INC.
v.
NANTUCKET BAY SUBDIVISION, L.L.C.
09-403
Court of Appeals of Louisiana, Third Circuit.
May 13, 2009.
NOT DESIGNATED FOR PUBLICATION
THOMAS D. DAVENPORT, JR., HONORABLE ALLEN A. KRAKE, The Davenport Firm, A.P.L.C., Counsel for Plaintiff/Appellant: Gulf States Underwriters of Louisiana, Inc.
ANDREW PARKER TEXADA, Stafford, Stewart & Potter, Counsel for Defendant/Appellee: Nantucket Bay Subdivision, L.L.C.
Court composed of DECUIR, PICKETT, and GREMILLION, Judges.
DECUIR, Judge.
The Defendant-Appellee, Nantucket Bay Subdivision, L.L.C., filed a motion to dismiss this appeal as having been taken from a non-appealable, interlocutory order sustaining an exception of improper venue. For the reasons assigned below, we grant the motion to dismiss.
The Plaintiff-Appellant, Gulf States Underwriters of Louisiana, Inc., filed a petition to rescind sale, redhibition, breach of contract and damages as a result of its purchase of alleged "lake front" property in Sabine Parish. The Defendant filed an exception of improper venue that was sustained by the trial court on January 26, 2009. The Plaintiff filed its motion for appeal on February 3, 2009. On February 5, 2009, the trial court granted the appeal and designated the ruling as final and appealable. The record in this appeal was lodged on April 1, 2009.
We find that the ruling at issue, sustaining an exception of venue, is an interlocutory ruling that is not appealable. The proper procedural device for seeking appellate review is an application for supervisory writs. Yell v. Sumich, 08-296 (La.App. 3 Cir. 10/15/08), 997 So.2d 69. La.Code Civ.P. art. 1841. Therefore, we hereby dismiss the appeal at appellant's cost.
However, we find that since the Plaintiff filed a motion for an appeal within the time delays for seeking supervisory writs, justice demands that we afford the Plaintiff time within which to file a supervisory writ application with this court. Accordingly, the Plaintiff is hereby permitted to file a proper application for writs in compliance with Uniform RulesCourts of Appeal, Rule 4, no later than May 28, 2009. The Plaintiff is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform RulesCourts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.
MOTION TO DISMISS APPEAL GRANTED. APPELLANT PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.