# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-136

DERRIK J. MCLAREN

VERSUS

CARLENA O. FOSTER, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 258,336
HONORABLE GEORGE C. METOYER JR., DISTRICT JUDGE

**********

## D. KENT SAVOIE
## JUDGE

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**APPEAL DISMISSED; REMANDED.**

**Joseph Richard Kutch**
**1010 Main Street**
**Pineville, Louisiana  71360**
**(318) 448-6155**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Adam Callin McLaren and Karly Marie McLaren**

**Harold Alan Murry**
**608 Murray Street**
**Alexandria, Louisiana  71301**
**(318) 448-4441**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Derrik J. McLaren**

**Jeff Landry**
**Attorney General**
**Jeffrey M. Wale**
**Assistant Attorney General**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804-9005**
**(225) 326-6000**
**COUNSEL FOR AMICUS CURIAE:**
     **Attorney General for the State of Louisiana**

**SAVOIE, Judge.**

The minor children, Adam Callin McLaren and Karly Marie McLaren appeal the judgment of the trial court denying their: (1) request to declare La.Civ.Code arts. 185, 186, 187, 189 unconstitutional; (2) exception of res judicata; (3) exception of prescription; and (4) exception of preclusion by judgment. For the following reasons, we dismiss the appeal.

## Facts and Procedural History

Derrik McLaren filed a petition to disavow paternity on March 17, 2017. Made defendants were Carlena O. Foster, McLaren's estranged girlfriend, and her two minor children – Adam Callin McLaren, born January 11, 2012, and Karly Marie McLaren, born April 8, 2013. In the petition, McLaren alleged that Carlena Foster was unfaithful to him during their relationship, leading him to believe that he is not the father of the children. He further alleged that it is physically impossible for him to be the father of Karly Marie McLaren because he was incarcerated at the time of her conception. Upon the filing of the petition, an attorney was appointed to represent the minor children.

In response to the petition, the minor children filed an answer in which they issued a general denial and argued that blood, tissue or saliva DNA testing can only be ordered once McLaren proves by clear and convincing evidence that there is an unlikelihood of paternity. The minor children also asserted Peremptory Exceptions of Prescription, Res Judicata and Preclusion by Judgment wherein they argued that, because McLaren did not raise the issue of his paternity in a previous child support lawsuit and a child support judgment was rendered against him, he was barred from raising it in the petition to disavow paternity. The children also

requested a declaration that La.Civ.Code arts. 185, 186, 187, 189, relating to the presumption of paternity and disavowal actions, are unconstitutional on their face.

Having received notice of the constitutional issues in this case, the Attorney General of Louisiana filed a Memorandum in Support of the Constitutionality of La.Civ.Code arts. 185, 186, 187 and 189. *See* La.R.S. 49:257(C) and La.Code Civ.P. art. 1880.

On August 30, 2017, after a hearing on a rule to show cause pursuant to the petition to disavow paternity, the trial court signed a judgment, denying the minor children's "exceptions/objections" and ordering DNA tests be administered to Derrik McLaren and the minor children. It is this judgment that the minor children now appeal; specifically, they appeal the denial of their "exception/objections."

## Law and Discussion

*Subject Matter Jurisdiction*

We first note that appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. *State in the Interest of J.C.*, 16-138 (La.App. 1 Cir. 6/3/16), 196 So.3d 102. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La.Code Civ.P. art. 1841. An interlocutory judgment is one "that does not determine the merits but only preliminary matters in the course of the action." La.Code Civ.P. art. 1841. "An interlocutory is appealable only when expressly provided by law." La.Code Civ.P. art. 2083(C). "While a final judgment is appealable 'in all causes in which appeals are given by law,' an interlocutory judgment is appealable only when expressly provided for by law. La.Code Civ.P. art. 2083." *Williams v. Bestcomp, Inc.*, 15-761, pp. 4-5 (La.App. 3 Cir. 2/3/16), 185 So.3d 269, 273, *writ denied*, 16-385 (La. 4/15/16), 191 So.3d 1032.

2

The judgment appealed herein is neither a final judgment nor an appealable interlocutory judgment. It is a ruling on "exceptions/objections" and makes no determination on the main demand, i.e. paternity. As such, this court lacks appellate jurisdiction. The Louisiana Constitution does confer upon an appellate court "supervisory jurisdiction over cases which arise within its circuit." La.Const. art. 5, §10(A). Further, "an appellate court is entitled to convert the appeal into an application for a supervisory writ of review." *Yell v. Sumich*, 08-296, p. 3 (La.App. 3 Cir. 10/15/08), 997 So.2d 69, 72 (citing *LeBlanc v. LeBlanc*, 05-212, p.3 (La.App. 3 Cir. 11/2/05), 915 So.2d 966, 969). "[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate court." *Stelluto v. Stelluto*, 05-74, p. 7 (La. 6/29/05), 914 So.2d 34, 39; and La.Const. art. 5, §10(A).

We refrain from exercising our supervisory jurisdiction on this appeal. There is a complete lack of evidence present in the suit record. There are no exhibits attached nor was there any evidence offered at the hearing on this matter. Even if we were to convert this appeal to a supervisory writ, it would be impossible for this court to make a determination on the issues presented. This does not preclude the minor children from asserting the same arguments in an appeal once a judgment on the disavowal of paternity claim is rendered.

## DECREE

For the foregoing reasons, we dismiss the appeal of the minor children, Adam Callin McLaren and Karly Marie McLaren. This matter is remanded for further proceedings.

**APPEAL DISMISSED; REMANDED.**