NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-409
Consolidated with CA19-183

THE SUCCESSION OF ALLEN L. SMITH, JR.

VERSUS

KEITH ALAN PORTIE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4038
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX

CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**APPEAL NUMBER CA19-409 CONVERTED TO WRIT APPLICATION WHICH IS TO BE CONSIDERED IN CONSOLIDATION WITH APPEAL NUMBER CA19-183.**

Timothy O'Dowd
Timothy O'Dowd Law Firm
924 Hodges Street
Lake Charles, LA 70601
(337) 310-2304
COUNSEL FOR PLAINTIFF/APPELLEE:
    Shirley Ann Smith

**Kenneth Michael Wright**
**Kenneth Michael Wright, L.L.C.**
**203 West Clarence Street**
**Lake Charles, Louisiana 70601**
**(337) 439-6930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Keith Portie**

**Christopher E. John**
**Assistant City Attorney**
**Post Office Box 900**
**Lake Charles, Louisianan 70602**
**(337) 491-1523**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of Lake Charles**

**THIBODEAUX, Chief Judge.**

This court, on its own motion, issued a rule for Defendant-Appellant, Keith Portie, to show cause, by brief only, why appeal number CA19-409 should not be dismissed as having been taken from a non-appealable, interlocutory ruling. Portie has filed a brief in response to this court's rule. For the reasons assigned, we hereby convert appeal number CA19-409 into a writ application which is to be considered in consolidation with appeal number CA19-183.

The case arises out of a dispute between two adjacent landowners with regard to a five-foot strip of land which forms a border between the property owned by Plaintiff, Shirley Smith[1], and the property owned by Defendant, Portie. The strip of land between the two properties was dedicated as a public drainage servitude and accepted by the City of Lake Charles via Resolution Number 366 on February 20, 1952. The strip of land, or five-foot drainage servitude, remained bare land until August 21, 2015, when Portie purchased his property and placed drainage pipes, cement barriers, and truck loads of dirt on the strip of land. Plaintiff now alleges that Portie's actions violated subdivision restrictions, which prohibit certain improvements from being made on the servitude. Plaintiff also alleges that she has a servitude of drainage on the five-foot strip of land and that Portie's actions resulted in drainage problems on her property, which damaged her property and interfered with her enjoyment of her property. Portie was the only defendant named in the original petition; however, the petition was amended to add the City of Lake Charles ("City") as a party defendant.

On July 7, 2017, the trial court rendered a partial summary judgment in favor of Plaintiff and held that the City owns the five-foot strip of land between Plaintiff's property and Portie's property. Portie sought to appeal the July 7, 2017 judgment in a

---

[1]When the original petition was filed, the plaintiff in this case was the Succession of Allen Smith, Jr.; however, Shirley Smith was subsequently substituted as the party plaintiff.

prior appeal filed under this court's docket number CA18-195. However, on April 11, 2018, this court rendered an opinion dismissing appeal number CA18-195 without prejudice on the ground that the July 7, 2017 judgment which was at issue in that appeal was a partial judgment that had not been designated final and appealable pursuant to La.Code Civ.P. art. 1915(B). *See Succession of Smith v. Portie,* 18-195 (La.App.3 Cir. 4/11/18) (unpublished opinion).

Additionally, Plaintiff filed a motion for preliminary injunction, and the trial court granted that motion in a judgment signed on December 11, 2018. In that judgment, Portie was ordered to stop draining his property onto Plaintiff's property, to stop interfering with Plaintiff's drainage across the five-foot strip of land at issue, and to stop otherwise increasing the drainage burden on Plaintiff's property. Portie appealed that judgment, and the appeal was lodged in this court on March 8, 2019, under this court's docket number CA19-183.

Meanwhile, on November 30, 2018, Portie had also filed a motion for partial summary judgment. Although that motion for partial summary judgment does not contain a prayer for relief, Portie apparently sought a partial summary judgment declaring that because the City has not taken any action to maintain the servitude on the five-foot strip of land, the servitude has thus prescribed for nonuse. On February 5, 2019, the trial court signed a judgment denying Portie's motion, which was designated as final and appealable pursuant to La.Code Civ.P. art. 1915(B); the notice of this judgment was mailed on February 15, 2019. On February 6, 2019, Portie filed a motion to appeal the February 5, 2019 judgment, and the record for that appeal was lodged in this court on June 4, 2019, under appeal number CA19-409. This court then issued a rule ordering Portie to show cause why the appeal filed under appeal number CA19-409 should not be dismissed as having been taken from a non-appealable, interlocutory ruling. On June 10, 2019, Portie filed a motion to

2

consolidate appeal number CA19-409 with appeal number CA19-183. On June 20, 2019, this court signed an order consolidating those two appeals.

On June 26, 2019, Portie filed his response to this court's rule to show cause order for appeal number CA19-409. Therein, however, Portie fails to address the appealability of the judgment at issue in appeal number CA19-409. Rather, he spends a great deal of time discussing prior appeal number CA18-195. Portie contends that after this court dismissed prior appeal number CA18-195, the trial court later designated the July 7, 2017 judgment, which was the subject of prior appeal number CA18-195, a final and appealable judgment pursuant to La.Code Civ.P. art. 1915(B). Although Portie contends that the procedural defects giving rise to the dismissal of prior appeal number CA18-195 have now been cured, he has not indicated that a new order of appeal has been obtained which would permit him to re-urge an appeal of the July 7, 2017 judgment. As such, we find that that judgment is not properly before this court on appeal at this time. Thus, the only appeals pending for this case at this time are appeal number CA19-195, whereby Portie seeks review of the December 11, 2018 judgment granting a preliminary injunction against Portie, and appeal number CA19-409, whereby Portie seeks review of the February 5, 2019 judgment denying partial summary judgment on the issue prescription.

With regard to the February 5, 2019 judgment, we find that the trial court's denial of Portie's motion for partial summary judgment is interlocutory because it does not decide the merits of this case. *See* La.Code Civ.P. art. 1841. We also find that the judgment is non-appealable pursuant to La.Code Civ.P. art. 968, which, in pertinent  part, provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleadings or summary judgment." We note that the trial court indicated in the February 5, 2019 judgment that it was designating that judgment final and appealable pursuant to La.Code Civ.P. art. 1915(B). However, this court has held that "[a]lthough certification of a partial judgment granting a motion for

summary judgment is allowed under Article 1915, this does not authorize the certification of a judgment denying a motion for summary judgment." *Romero v. Charter Behavioral Health Sys. of Lake Charles,* 00-1108, p. 3 (La.App. 3 Cir. 1/31/01), 780 So.2d 530, 531-32 (citations omitted). Also, the jurisprudence has held that a judgment denying a motion for summary judgment, which is deemed non-appealable by La.Code Civ.P. art. 968, cannot be converted into an appealable judgment by the trial court's certification of the judgment as final under La.Code Civ.P. art. 1915(B). *See Ware v. Mumford,* 04-118 (La.App. 5 Cir. 5/26/04), 875 So.2d 885. Therefore, we find that the trial court was without authority to designate the February 5, 2019 judgment a final judgment under Article 1915(B) and that its attempt to make such a designation did not serve to make the judgment appealable.

Having determined that the February 5, 2019 judgment denying Portie's motion for partial summary judgment is not a final judgment subject to review on appeal, we now turn to the questions of whether to dismiss appeal number CA19-409, and whether to allow Portie the right to seek review of the interlocutory judgment at issue via application for supervisory writs. The judgment was rendered on February 5, 2019, and the motion for appeal was filed on February 6, 2019. As such, we find that the motion for appeal can be considered a timely-filed notice of intent to seek a supervisory writ. *See* Uniform Rules—Courts of Appeal, Rule 4–3. Ordinarily, under such circumstances, we would dismiss the appeal and allow Portie to file a writ application to seek review of the February 5, 2019 judgment at issue in appeal number CA19-409. "Under our general supervisory authority, however, an appellate court is entitled to convert [an] appeal into an application for a supervisory writ of review. La.Code Civ.P. art. 2164." *LeBlanc v. LeBlanc*, 05-212, p. 3 (La.App. 3 Cir. 11/2/05), 915 So.2d 966, 969. In the instant case, we find that the factual circumstances and legal issues raised in appeal number CA19-409 and CA19-183 are so interrelated that the judgments at issue should be reviewed together. Therefore, in the interest of

4

judicial economy and efficiency, we hereby convert appeal number CA19-409 to a writ application, and hold that this writ application is to be considered in consolidation with appeal number CA19-183.

**APPEAL NUMBER CA19-409 CONVERTED TO A WRIT APPLICATION WHICH IS TO BE CONSIDERED IN CONSOLIDATION WITH APPEAL CA19-183.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.